(COMMON LAW.)

## LITER et al. v. GREEN.

In a writ of right, brought under the statute of Kentucky, where the demandant described his land by metes and bounds, and counted against the tenants jointly; it was held that this was matter pleada-ble in abatement only, and that by pleading in bar, the tenants admitted their joint seisin, and lost the opportunity of pleading a several tenancy.

The tenants could not, in this case, severally plead, in addition to the mise, or general issue, that *neither the plaintiff, nor his ancestor, nor any other under or from whom he derived his title to the demanded premises, were ever actually seised or possessed thereof, or of any part thereof;* because it amounted to the general issue, and was an application to the mere discretion of the court, which is not examinable upon a writ of error.

*Quere,* Whether the tenants could plead the mise severally, as to the several tenements held by them, parcel of the demandant's premises, without answering or pleading any thing as to the residue?

Under such pleas, and the replication prescribed by the statute, the mise was joined; the parties proceeded to trial; and the following general verdict was found, viz. " The jury find that the demandant hath more mere right to hold the tenement, as he hath demanded, than the tenants, or either of them, have to hold the respective tenements set forth in their respective pleas, they being parcels of the tenement in the count mentioned." It was held, that this verdict, being certain to a common intent, was sufficient to sustain a judgment.

It was also held that a joint judgment against the tenants for the *costs,* as well as the *land,* was correct.

March 8th.

THIS cause was argued by Mr. *Hughes,* for the plaintiffs in error, and by Mr. *M. B. Hardin* and Mr. *Jones,* for the defendant in error.

Mr. Justice STORY delivered the opinion of the court.

1817.

Liter
v.
Green.
March 13th.

This is a writ of right for the recovery of lands brought in the form prescribed by the statute of Kentucky, in which the demandant described his land by metes and bounds, and counted against the tenants jointly. To this count the tenants demurred, and upon a joinder, the demurrer was overruled by the court, and upon motion of the tenants, leave was given to them to withdraw the demurrer, and plead anew. A motion was then made to the court, by the tenants, to compel the demandant to count against them severally, upon the ground that they held separate and distinct tenements, parcels of the land demanded, which motion was overruled by the court. And, in our judgment, this was very properly done, for the matter was pleadable in abatement only; and by pleading in bar, the tenants admitted their joint seisin of the freehold, and lost the opportunity to plead a several tenancy. Assuming that at common law, a writ of right *patent* may be brought against divers tenants, who hold their lands severally, and that the demandant may count against them severally, it does not follow, that this doctrine applies to a writ of right *close ;* but, if it did, and the demandant should, in such case, count against the tenants jointly, and the tenants should plead to the merits, it would, for all the purposes of the suit, be an admission of the joint tenancy. And the clause in the statute of Kentucky, requiring, that where several tenements are demanded, the contents, situation, and boundaries of each shall be inserted in the

count, has not affected this rule. It supposes that the several tenements are held by the same tenants. The tenants next moved the court to allow them severally to plead, in addition to the mise, or general issue, that neither the plaintiff, nor his ancestor, nor any other under or from whom he derived his title to the demanded premises, were ever actually seised or possessed thereof, or of any part thereof; which motion the court refused to grant. And, in our judgment, this was very properly done. In the first place, this plea was clearly bad, as amounting to the general issue, and, indeed, for other manifest defects : In the next place, it was an application to the mere discretion of the court, which is not a subject of examination upon a writ of error. The court then permitted the tenants to sever in pleading, and to plead the mise severally as to several tenements held by them, parcel of the demanded premises, without answering or pleading any thing as to the residue. Upon the propriety of this pleading, we give no opinion, as it is not assigned for error by the demandant, and the error, if any, is in favour of the tenants. The replication prescribed by the act of Kentucky, was pleaded to the several pleas; and upon the mise so joined, the parties proceeded to trial. The court being divided upon several points made at the trial, the jury was discharged. At a subsequent term, the tenants again moved the court for leave to withdraw the mise joined, and to plead non-tenure as to some, and several tenancy as to others, in abatement, which was refused by the court; and in our judgment, for the reasons already stated, was properly refused.

The cause was then again tried by a jury, who returned a general verdict for the demandant, which, under the direction of the court, was amended by the jury, and recorded as follows: "The jury find that the demandant hath more mere right to hold the tenement, as he hath demanded, than the tenants, or either of them, have to hold the respective tenements set forth in their respective pleas, they being parcels of the tenement in the count mentioned."

It is objected by the tenants, that this verdict is insufficient, because it does not contain a several finding upon the several issues of the tenants, but is a joint finding against them all; and only by inference and argument a finding of the several issues for the plaintiff. This objection cannot be sustained. The verdict expressly and directly affirms the right of the demandant, and denies the right of the tenants to the land contained in their respective pleas, the same being parcel of the land demanded. A verdict, certain to a common intent, is sufficient to sustain a judgment. At the trial, a bill of exceptions was taken. The first point in the exceptions is, the refusal of the court, upon the prayer of the counsel for the tenants, to direct the jury that the demandant was not entitled to recover in the suit, upon the proof by the tenants, that they claimed their several tenements under distinct and several titles. This refusal was perfectly correct; for the matter did not go to the merits, and could be taken advantage of only, as has been already stated, by a plea in abatement.

The next exception is, that the court allowed a copy of the survey of the land claimed by the demandant to go in evidence to the jury, for the purpose of identifying the same. No ground for this objection has been stated; and it seems to be utterly untenable.

Another exception is, that the court refused to allow, as evidence to the jury, to prove that the demandant did not hold the legal title to 2,000 acres parcel of the land demanded in this suit, the copies of a certain record of a decree in chancery, in a suit between the demandant and third persons, (with whom the tenants had no privity of title or estate,) and, also, of a deed made in pursuance of such decree, by which deed 2.000 acres of the land demanded by the writ appeared to be conveyed to third persons. This exception is not now relied on, and is certainly open to various objections. Without adverting to the objections, that neither the record nor the deed were properly authenticated, and that it was an attempt to set up an outstanding title in third persons having no privity with the tenants; it is decisive against the admission, that the 2,000 acres, or any part thereof, are not shown to be within the boundaries of the land claimed by any of the tenants, or put in issue between the parties.

The last exception is, that the court refused to instruct the jury, that if it should be proved that divers of the tenants had no title to certain parcels of the demanded premises, but that they claimed the same under a third person having the legal title thereof, then, that they ought to find for the said

tenants, because they had no title. This exception is, also, not relied on, and certainly could not be supported, for it could be given in evidence only on the plea of non-tenure.

A motion was afterwards made for a new trial, the proceedings on which, not being matters of error, need not be mentioned.

The only remaining objection, urged as a ground for reversal, is, that the judgment is a joint judgment against the tenants for the costs as well as the land. We are all of opinion that the judgment is right, and that the tenants can take nothing by this objection. The judgment is, therefore, affirmed with costs,

1817.<br>Liter<br>v.<br>Green.

Judgment affirmed.[a]

*a* A writ of right patent is always directed to the lord of the manor, or his bailiff, and is a commission unto them that they should do right. The form of the writ is, "we command you that, without delay, you do *full right* (*plenum rectum teneatis*) to A., of B., of one messuage, &c., in I., which he claims to hold of you, by the free service of one penny per annum for all service, of which W. of T. deforceth him, and unless you will do this let the sheriff of, &c., do it, that we may hear no more clamour thereupon for want of right. Witness, &c." *Fitz. N. Brev.* 1 G. *Bracton, lib.* 5. *ch.* 2. *p.* 328. *Reg. Brev.* 1. *Glanville, lib.* 12. *ch.* 3. *ch.* 4. 3 *Bl. Com. ap.* 1. This writ is the sole authority for the lord to hold plea of the land in controversy; and without it no one is bound to answer in the lord's court. *Glanville, lib.* 12. *ch.* 2. *ch.* 25. It is called a writ of right *patent,* because it is an open letter of request, or command given to the plaintiff, and exposed to full view, in contradistinction to writs close, which are always closed up and sealed, or are supposed to be closed up and sealed, and directed to particular persons. 2 *Bl. Com.* 346. 3 *Bl. Com.* 195. 3 *Reeve's Hist.* 45. *Fitz. N. Brev.* 1. F. When the writ of right patent was brought to the lord's court, an entry thereof was made in his

court by the steward, and the writ was then delivered back to the plaintiff. Upon the entry a summons issued from the lord's court to the tenant, commanding him to appear at the next court to answer the plea; and this was the first process by which the tenant had any knowledge of the suit. *Rast. Ent.* 244. 6. *Booth.* 4. 88, 89. 92. *Bracton, lib. 5. ch.* 3. *s.* 3. *p.* 329. *Id. ch.* 6. *p.* 333. On the other hand, a writ of right close is always directed to the sheriff, and was immediately returnable into the court of common pleas. *Booth,* 91. The form of it is, " The King, to the sheriff of ——, Command A., that he justly, and without delay, render unto B. one messuage with the appurtenances which he claims to be his right and inheritance, and whereof he complains that the said A. unjustly deforces him; and unless he shall so do, and if the said B. shall give you security of prosecuting his claim, then summon by good summoners the said A., that he appear before our justices at Westminster, on, &c., to show wherefore he hath not done it, and have you there the summoners and this writ. Witness, &c."(1) *Reg. Brev.* 4. *Fitz. N. B.* 2 *F. Booth,* 91. 3 *Wils.* 419.

This difference between a writ

of right patent and a writ of right close, may well warrant a distinction in respect to the causes of action to be joined in it. A writ of right patent, being a mere authority to the lord to take cognizance of the suit at the complaint of the plaintiff, may well include divers tenements held by several tenants, whereof the plaintiff is deforced. Nor are the rights of the several tenants affected by such joinder; for, as to them, the subsequent summons is the first process, (*Booth.* 4. 92.;) and in this they are severed, each tenant being summoned to answer only for the tenements held by himself. And, for this purpose, where the land is severally held by several tenants, the writ always specifies the quantity of land in the possession of each. *Reg. Brev.* 1 *b.* The position, therefore, stated by Fitzherbert, (*Nat. Brev.* 2. *D.*,) that a writ of right may be brought against divers tenants who hold their lands severally, may be good law when applied (as he applies it) to a writ of right patent. But it is not thence to be inferred that the same doctrine is to be applied to all the subsequent proceedings; and that in the subsequent summons, process, and pleading, the tenants are to be joined in the same manner as if they were joint

(1) It has been very justly remarked by Mr. Sergeant Williams, in his learned note to 2 Saund. R 43. a, note (1), that Mr. Sergeant Wilson is mistaken in calling the writ of right in Tyssen v. Clarke, 3 Wils. 419, 541, 558, a writ of right *patent*, for it was a writ of right *close*.

1817.

Liter
v.
Green.

tenants of the whole land. In fact, the summons in a writ of right patent, is a several process against each tenant for the land held severally by him; and in this respect it is exactly what the original precept is in a writ of right close.

When once the tenant is summoned into court, either upon a writ of right patent or a writ of right close, the same exceptions and pleadings in abatement or in bar, and the same defence upon the merits, equally applies in a suit upon the one as the other. Nontenure, joint tenancy, sole tenancy, and several tenancy, are good pleas in abatement, wherever they apply to any parcel of the land demanded of any particular tenant or tenants. Bracton, speaking on this subject, says, " tunc demum videndum an tenens totam rem teneat quam petitur, cum certa res debeat in judicium deduci, vel si ejus partem, tunc quotam, vel si omnino nihil, et similiter si res petita pertineat ad jurisdictionem judicantis ; et ideo petitur visus rei petitæ, quia ex hoc competere poterit exceptio tenenti, ne sit actio inanis cum tenente, cum rem restituere non possit vel totam secundum quod petitur." *Bract. lib. 5. ch. 7. fol.* 376. And he again treats more fully on the subject in the book, *de Exceptionibus,* " sunt etiam quaedam quæ visum sequuntur et de quibus certificari poterit tenens antequam petens ei visum fecerit ; et

certa res in judicium deducatur, de qua debeat tenens respondere, ut tunc sciri possit, si totam rem petitam tenuerit, vel ejus partem, vel etiam nihil, et sic fiat de pertinentiis, &c. &c. Et postmodum, si qua competat ex ipsa re, ut si nihil inde teneat vel non nisi ejus partem, et idem de pertinentiis." *Bracton, lib.* 5., *de Except. ch.* 1., *fol.* 400. " Item cadit breve, si tenens minus teneat, quam petens petat, secus tamen si plus teneat." *Bracton, fol.* 414., *b.* And in another place, speaking of the doctrine that when a writ is bad in part, it is bad in the whole, he says, " et cum breve ita in se fuerit vitiosum in aliqua parte, in nulla parte valebit, quantum ad unam actionen ; secus esset, si plures sint ibi actiones ratione plurium tenentium. Et si unus petat per unum breve feodum unius militis in una villa et versus alium in eodem brevi feodum alterius militis eadem villa vel in diversis, quamvis cadat breve de feodo unius militis, nihilominus stabit de feodo alterius militis versus eundem, quia ibi sunt diversæ actiones propter diversitates tenementorum, quamvis breve unicum. Item eodem modo erunt actiones plures ratione diversarum personarum et rerum ubi plures sunt tenentes." *Bracton, fol.* 414., *a.* Bracton here manifestly refers to a writ of right patent, where several tenements are demanded in the writ of several tenants severally, and in such case he consi-

1817.

Liter
v.
Green.

ders, that the writ may abate as to one and remain as to the other, not because they may be joined in the same action, but because the suit against them is considered as several actions, (diversæ actiones.) In a subsequent place, the same subject is again mentioned, "Cum autem tenens visum habuerit vel quod tantundem valet scire poterit utrum petenti respondere teneatur et ad breve secum vel non teneatur secundum quod tenuerit totam rem nomine proprio vel alieno vel nihil inde tenuerit vel non nisi ejus partem; quia si totam non tenuerit amittere non potest quod non habet, et ita cadit breve sed non actio nisi ita sit quod petens ostendere possit quod tenens teneat in dominico et in servitio, nisi tenens docere possit contrarium, quod nec in dominico nec in servitio, &c. &c. In hæc quidem actiones per breve de recto sicut in qua libet alia actione per quam petitur res corporalis designare oportet petentem quae et qualis sit res quae petitur, ut si sit res immobilis sicut tenementum designare oportet qualitatem et quantitatem, &c. Item utrum tota petatur an ejus pars, et ne plus petatur a petente quam tenens teneat." *Bracton, lib.* 5. *ch.* 27., *fol.* 431., *b.* 432., *a. Vide* also, *Id. p.* 433., *b. Fleta, lib.* 5., *ch.* 5., s. 4., asserts the same doctrine, " Item continetur in brevi qui terram illam tenet, ad quod excipi poterit quod totum non tenet sed alius talis

tenet inde tantum." These quotations have been the more largely made from these venerable writers, with a view to show how deeply and early these doctrines are to be found in the rudiments of the common law.

It has been very justly observed by Booth (ch. 11. p. 31.) that in real actions may be pleaded in abatement of the writ, joint tenancy, sole tenancy, and several tenancy. And although it is said that in a writ of *nuper obiit,* in an assize, or in any other action where no land certain is demanded, several tenancy is not pleadable, (*Bro. Sev. Tenancy,* 18. 2 *Leon.* 8.) yet this is to be understood, that several tenancy is not pleadable to the writ; for after a plaint in an assize, several tenancy may well be pleaded in abatement. Stepkin v. Wentworth, *Dyer,* 244. a. *Booth,* 34. 277. And several tenancy, if well pleaded and found true, abates the whole writ; and the cause assigned for this by Fincledon, Ch. J. in 41 *Edw.* 3. 20. b. is because the tenants cannot answer in common. Fitzherbert laid down the same rule in 27 *Hen.* 8. 30, and said " ceo several tenancy va in abatement de tout le breve, et si il soit tried versus le demandant donques tout son breve abatera, et nous impoimous donc judgement pour le demandant sur un male breve." *Brook's Abrid. Several Tenancy,* 1. The same rule is recognised in *Theldall's*

1817.

Liter
. v.
Green

*Dig. lib.* 11. *ch.* 31. *s.* 7. Nor is there a single case in the books, in which it has been argued or held that several tenancy is not a good plea in abatement to a writ of right. On the contrary, the reasons for the plea as manifestly apply to this action, as any other real action, and the ancient writers who treat on the subject evidently presuppose its legal validity; and the more modern authorities are conclusive on the point. When, therefore, the court in the above case, in allusion to the passage above quoted from Fitzherbert's Natura Brevium, (2. D.) state that "assuming at common law a writ of right *patent* may be brought against several tenants who hold their lands severally, and that the demandant may count against them severally, it does not, therefore, follow that this doctrine applies to a writ of right *close;*" it is manifest that the court have reference to the different natures of the two writs in their original state; for upon a view and after a count in a writ of right patent, if several tenements are jointly demanded of several tenants, who are jointly summoned, they may plead several tenancy in abatement of the count or lands put in view upon the writ. And as a writ of right close demands the tenements directly of the tenants, they may plead several tenancy directly to the writ, for in a *præcipe quod reddat* it as a good

plea to the writ. *Com. Dig. F.* 12. *Thel. Dig. lib.* 5. *ch.* 3. *s.* 1. *ch.* 4. *s.* 2. 27 *Hen.* 8. 30.

In the United States all writs of right are returnable into the common law courts of the state, and are directed to and returnable by the sheriff or other public officers. They are, therefore, writs of right close, and subject to the general doctrines of the common law applicable to such writs; and it is manifest that the doctrine of Fitzherbert, (even supposing it to be law as to writs of right patent,) cannot be admitted to control those general doctrines, or take away the right of pleading joint tenancy, sole tenancy, or several tenancy, in abatement of such writs.

Writs of right, since the reign of Queen Elizabeth, have gradually become obsolete in England; or of such rare occurrence, that the learning respecting them is not as well known as it deserves to be. Indeed, a modern treatise upon the general nature and structure of real actions, and the proper pleadings and evidence in each, is a desideratum in the science of jurisprudence. We may, however, respectfully refer those who may be desirous of a more thorough knowledge of the writ of right to the title *Droit*, in the great abridgments of Brook, Fitzherbert, Comyns, and Viner; to the learned note of Mr. Serjeant Williams, 2 Saund. Rep., 45.; to Booth on Real Actions;

to Reeves's History of the Law ; all, to the venerable Bracton, *lib:* and particularly to 1 Reeves's His- 5., *fol.* 327., *et seq :* where he tory, ch. 7.; p. 398. *et seq :* and 3 · treats of the writ of right and its Reeves's History, 45., and above incidents.