JAMES S. MORSELL, SPECIAL BAIL OF WILLIAM SMITH, PLAINTIFF IN ERROR, *v.* HENRY A. HALL.

In Maryland, it is correct to take a recognizance of bail before two justices of the peace.

Where a *scire facias* was issued against special bail, who pleaded two pleas, to the first of which the plaintiff took issue, and demurred to the second; and the cause went to trial upon that state of the pleadings without a joinder in demurrer; and the court gave a general judgment for the plaintiff, this was not error.

The refusal or omission to join in demurrer was a waiver of the plea demurred to.

In this case, if the plea had been before the court, it was bad; because being a plea that the note was paid before the original judgment, it called upon the party to prove a second time what had been once settled by a judgment. The omission of the court to render a judgment upon the plea could not be assigned as error.

A judgment of a court upon a motion to enter an *exoneretur* of bail is not the proper subject of a writ of error.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the District of Maryland.

The facts were these,

In 1843, Henry A. Hall, a citizen of Maryland, brought a suit in the Circuit Court of the United States for Maryland, against William Smith, a citizen of the State of Mississippi. James S. Morsell was one of two persons who became jointly and severally, special bail; and the recognizance of bail was taken before two justices of the peace for Calvert county.

In April, 1847, Hall obtained a judgment, in consequence of an opinion given by this court at the preceding term; which is reported in 5 How. 96.

In May, 1847, he sued out a writ of *capias ad satisfaciendum* against Smith, which was returned "*non est.*"

In November, 1847, he issued a *scire facias* against Morsell.

In April, 1848, Morsell appeared and filed two pleas, viz., 1. *Nul tiel record.* This plea was based upon the fact that the recognizance of bail was taken before two justices of the peace. In the argument before this court this objection was not urged; but as the opinion of the Circuit Court was thus established, it is proper that a record of it should be made. The opinion was short and may be inserted, viz.:

"This mode of taking bail conforms to the long-established practice of this court. An act of assembly of Maryland, passed

in 1715, c. 28, s. 2, authorized this mode of taking bail in suits in the then Provincial Court, which, like this court, had jurisdiction coextensive with the State. This court adopted the practice, and has always since acted upon it.

" The written rule, No. 62, adopted in 1802, was not intended to alter the previous practice of this court, and has never been so construed. It is merely intended to confer the power upon other State officers also, so as to increase the facilities of giving bail where the defendant resided at a distance from the place of holding the court; for, upon searching the records we find recognizances of bail taken soon after the adoption of the rule of 1802, before two justices of the peace of the State, in the same manner with the recognizance now before the court. A precedent has been produced as far back as 1812, and a more careful search would probably show precedents still earlier. The same practice has continued without interruption ever since; and, indeed, any other rule would be oppressive to citizens of the State who reside at a distance from the place of holding the court, especially as they would most commonly be obliged to bring their bail with them. In the case before us the recognizance of bail having been taken and sanctioned according to the established rules and practice of this court, the judgment upon the plea of *nul tiel record* must be for the plaintiff."

2. That the promissory note filed as the cause of bail in the action against Smith, was paid before the judgment was obtained against Smith.

To the first of these pleas Hall took issue, and the judgment of the court was as is above recorded.

To the second plea he demurred; and instead of joining in demurrer, Morsell took no notice of it, but the judgment of the court was for the plaintiff generally. A motion was made to enter an *exoneretur* on the bail-piece, which was overruled.

A writ of error brought the case up to this court.

It was argued by *Mr. Stewart* and *Mr. Johnson*, for the plaintiff in error and *Mr. Dulany*, for the defendant in error.

The counsel for the plaintiff in error did not press the objection founded upon the plea of *nul tiel record*, as before remarked; but contended that the judgment below should be reversed because the court did not decide upon the demurrer. Harris *v.* Wall, 7 How. 693; Wheelwright *v.* Jutting, 7 Taunt. 304; Thompson *v.* Macirone, 4 Dowl. & Ry. 619.

2. That if it be assumed that the court did decide upon the demurrer in favor of the plaintiff below, that such decision was erroneous, because the debt, in reference to which the recogni-

zance of bail was entered into, is shown to have been discharged before the institution of the original suit. Jackson *v.* Hassel, Doug. 330; 6 D. & E. 363; Tetherington *v.* Golding, 7 D. & E. 80; 2 Tidd's Practice, 992, 993; Clark *v.* Bradshaw, 1 East, 86; 4 Halst. 97.

*Mr. Dulany.* The ground taken by the plaintiff in error in his second plea is, that, in the affidavit made by the defendant in error, in his original suit against William Smith, he filed, as cause of bail in said suit, a promissory note for the sum of $2,678.90, which had been paid (he does not say by whom) before the judgment against Smith in that suit was obtained.

In support of the demurrer to this plea, it would seem sufficient to remark, that the plea relies upon a matter of defence which, if it had been established, as it might have been if true, in the principal action by Hall against William Smith, would have been an effectual bar to the recovery of the verdict and judgment in that case.

It is a maxim of law that there can be no averment in pleading against the validity of a record, therefore no matter of defence can be alleged which existed anterior to the recovery of the judgment. 1 Chitty's Pleading, (Am. Edition,) 1844, p. 486, and margin; Cardesa *v.* Humes, 5 Serg. & Rawle, 65; McFarland *v.* Irwin, 8 Johns. Rep. 77; Moore *v.* Bowmaker, 2 Marsh. 392; 6 Taunt. 379.

Now the payment of the note, which is the ground of defence apparently relied upon in the above plea, was anterior (as is expressly averred in the plea itself,) to the rendition of the judgment against Smith, and upon that judgment the *scire facias* in this case was issued against the plaintiff in error as special bail of Smith. The plea must, therefore, be held bad, and the judgment of the court below sustained, else there is great error in the above-stated legal maxim and in the authorities by which it is supported.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is a *scire facias* brought by Hall against Morsell, as the special bail of William Smith, in a suit in the Circuit Court of the United States for the District of Maryland, in which Hall recovered a judgment, and proceeded by proper process to charge the bail.

Morsell appeared to the *scire facias*, and pleaded: 1st. *Nul tiel record;* and 2dly. That the promissory note, filed as the cause of bail in the action against Smith, was paid before the judgment was obtained against Smith. The plaintiff, in the court below, took issue on the first plea, and demurred to the second;

but the defendant did not join in the demurrer. The court gave judgment for the plaintiff, upon which this writ of error is brought.

The plaintiff in error alleges, that according to the record, the case was decided on the first plea only, and that the demurrer was not disposed of by the judgment—and they assign as error, 1st. That no judgment was given on the second plea; and 2dly, if the court consider it to be overruled by the general judgment for the plaintiff below, that then the judgment is erroneous, because the plea was a good defence.

As relates to the first objection, the refusal or omission of the plaintiff in error to join in demurrer was a waiver of the plea, and there was no issue in law upon the second plea upon which the Circuit Court was required to give judgment. Townsend v. Jemison, 7 How. 719, 720.

And as concerns the second objection, if the plea was before the court and not waived, it was no defence. For the right of the defendant in error being established by the judgment in his favor, he was not bound to prove it over again in the *scire facias* against the bail. 1 Chit. Pl. (Am. Ed. of 1847) 469, 486, and margin.

And consequently the omission to enter a formal judgment upon it could not, under the act of Congress of 1789, c. 20, s. 32, be assigned as error. The omission would be a mere imperfection in form, not affecting the right of the cause or the matter in law as they appear on the record. Roach v Hulings, 16 Pet. 319; 4 How. 164; Stockton and others v. Bishop, and Parks v. Turner & Renshaw, decided at the present term.

The record, as transmitted to this court, shows that a motion was made, before the judgment on the *scire facias* to enter an *exoneretur* of the bail upon ground similar to that taken in the second plea; and that affidavits were filed in support of, and also in opposition to the motion. And it has been urged, in the argument here, that the Circuit Court erred in not granting this motion.

A motion to enter an *exoneretur* of the bail is no defence to a *scire facias* even if sufficient grounds were shown to support the motion, (which we do not mean to say was the case in the present instance). It is a collateral proceeding, not forming a legal defence to the *scire facias*, but addressing itself to the equitable discretion of the court, and founded upon its rules and practice. Chit. Pl. (Am. Ed. 1847,) 469. No writ of error will therefore lie upon the decision of a motion of that kind; because a writ of error can bring up nothing but questions of law. It does not bring up questions of equity arising out of the rules and practice of the courts. And the proceedings upon the motion to

discharge the bail form no part of the legal record in the proceedings on the *scire facias* and ought not have been inserted in the record transmitted to this court.

There is no foundation therefore for any of the errors assigned in this case, and the judgment of the Circuit Court must be affirmed with costs.

### Order.

This cause came on to be heard on the transcript of the record, from the Circuit Court of the United States, for the District of Maryland, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed with cost and damages, at the rate of six per centum per annum.