Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Final process is never issued by this court in the exercise of its appellate jurisdiction, except in cases where a State has once refused to execute the mandate of the court. Instead of that the mandate is transmitted to the subordinate court, and where the directions contained in the mandate are precise and unambiguous, it is the duty of the subordinate court to carry it into execution, and not to look elsewhere to change its meaning.
 
 *
 

 Two causes are assigned for the motion to dismiss the present writ, which is a second writ of error in the case sued out by the same party: (1.) Because the writ of error is not prosecuted from any final judgment in the cause. (2.) Because the writ is sued out to reverse an order of the Circuit Court carrying into effect the mandate of this court.
 

 Where the subordinate court commits any. substantial error in executing the mandate of the Supreme Court, it is well-settled law that a second writ of error or appeal, as the case may be, will lie to correct the error, and to cause the mandate to be executed according to its tenor and effect.
 
 †
 

 Ejectment was brought on the 13th of June, 1859, by the present defendants, or one of them and the testator of the
 
 *675
 
 other two, in the District Court of the United States for that district, to recover the possession of certain lands described in the petition filed in that court on that day. Process was issued, and the same having been served, the defendants appeared and made defence, and the parties went to trial. Under the rulings of the court the verdict and judgment were for the plaintiffs, and the defendants sued out a writ of error and removed the cause into this court.
 

 Prior to the institution of that suit Texas was divided into two judicial districts, called the Eastern and Western, and the acts of Congress creating those districts provided to the effect that the district judge, whether sitting in the one or .the other, might exercise Circuit Court powers.
 
 *
 

 Subsequent to the removal of the cause into this court, Texas was included in the sixth circuit, and all acts which vested in the District Courts of the United States for the District of Texas the power and jurisdiction of Circuit Courts was repealed, and the third section of the act provided that all actions, suits, prosecutions, causes, pleas, process, and other proceedings relative to any cause, civil or criminal, . . . shall be and are declared to be respectively transferred, returnable, and continued to the several Circuit Courts constituted by that act
 
 †
 

 When reached in order, the cause as removed here by the first writ of error was heard, and this court affirmed the judgment rendered by the District Court before the acts of. Congress giving that court Circuit Court powers were repealed. Judgment was entered in that court on the 30th of June, 1859, before the State was included in the sixth circuit, but the act including the State in the sixth circuit passed before the judgment was affirmed in this court. Consequently the mandate of this court was transmitted to the Circuit Court of that district, as required by the third section of the act.
 

 Reference to the present record will show that the mandate as transmitted was duly received and recorded, and of
 
 *676
 
 course the judgment was duly affirméd, but objection is taken by the defendants in the judgment to the subsequent action of the court.
 

 Suggestion was made by the plaintiffs in the suit that the original petition was lost, and they moved for leave to file a copy of the same, and for a writ of possession to carry the judgment as afiirmed into execution.
 

 Objection was made by the defendants to the motion, and the parties having been heard, the court took the matter under advisement, but finally passed an order that the copy of the original petition filed by the plaintiffs be adjudged to be the petition therein, and that the writ of possession, as' prayed for, do issue. Such was the decision of the court, and the same was subsequently entered as a decree, and the defendants sued out a writ of error, and removed the cause into this court to reverse that decree. Sued out, as the writ of error was, to reverse that decree, the present defendants have filed a motion , to dismiss it for the reasons assigned, and the court is of the opinion that the motion must be granted.
 

 Nothing can be more certain, in legal decision, than the proposition that an application to supply a lost writ, declaration, or other pleading, if accompanied by proof of loss, is in general addressed to the discretion of the court, and it is well-settled law, that decisions which rest in the discretion of a court of original jurisdiction, cannot be re-examined in an appellate court upon a writ of error.
 
 *
 

 Secondary evidence of a lost record, as well as of any other instrument, is admissible after proof of the loss; but in this case the plaintiffs filed a copy from the record of the case transmitted to this court, and the Circuit Court was quite right in allowing the loss of the petition to be supplied.
 
 †
 

 Certainly it was not error to grant a writ of possession,
 
 *677
 
 as that was but executing the express directions of the mandate, and surely it will not be argued that it was error to order to be done what this court had commanded should be done by its mandate.
 

 Suppose all the foregoing conclusions are correct, still. it is contended that the writ of error cannot be dismissed because it is a writ of error sued out under the twenty-second section of the Judiciary Act, which, it is said, brings up the whole record.
 

 Undoubtedly, it is true that the first writ of error was sued out under that'section, and that such a writ does bring up the whole record, and it is well settled that it is no ground to dismiss the writ of error because there is no bill of exceptions, agreed statement of facts, or material demurrer in the record presenting any question of law for the decision of the appellate court, as the absence of every such question is good cause for affirming the judgment, but it is not a good ground for dismissing the writ of error.
 
 *
 

 Grant that, still the second wrrit of error, though issued under the twenty-second section of the Judiciary Act, does not bring up the whole record for re-examination. On the contrary, it is equally wTell settled that the second writ of error brings up nothing for revision except the proceedings subsequent to the mandate; and it follows that if those proceedings are merely such as the mandate commanded, and were necessary to the execution of the mandate, the writ of error will be dismissed, as any other rule would enable the losing party to delay the execution of the mandate indefinitely, which cannot be admitted.
 

 Motion to dismiss granted.
 

 *
 

 Skillern
 
 v.
 
 May, 6 Cranch, 267; Ex parte Story, 12 Peters, 339; West
 
 v.
 
 Brashear, 14 Peters, 51; Curtis’s Commentaries, § 405.
 

 †
 

 McMicken
 
 v.
 
 Perin, 20 Howard, 135; Roberts
 
 v.
 
 Cooper, Ib. 481.
 

 *
 

 9 Stat. at Large, 1; 11 Id. 1G4.
 

 †
 

 12 Stat. at Large, 576.
 

 *
 

 Liter
 
 v.
 
 Green, 2 Wheaton, 306; Silsby
 
 v.
 
 Foote, 14 Howard, 218; Morsell
 
 v.
 
 Hall, 13 Id. 212; United States
 
 v.
 
 Buford, 3 Peters, 12; Jenkins
 
 v.
 
 Banning, 23 Howard, 455; Mandeville
 
 v.
 
 Wilson, 5 Cranch, 15; Spencer
 
 v.
 
 Lapsley, 20 Howard, 264.
 

 †
 

 1 Greenleaf on Evidence, 12th. ed. $ 509.
 

 *
 

 Taylor
 
 v.
 
 Morton, 2 Black, 484; Minor et al.
 
 v.
 
 Tillotson, 1 Howard. 287; Suydam
 
 v.
 
 Williamson, 20 Id. 441.