## LUIS RAMON DORDAL ET AL.

*v.*

## SAN JUAN LIGHT & TRANSIT COMPANY AND PORTO RICO RAILWAY, LIGHT, & POWER COMPANY.

---

San Juan, Law, No. 844.

ON CROSS MOTIONS FOR DISMISSAL.

Practice—Allegation of Invalid Corporation.

1. A plaintiff cannot bring a corporation into court as defendant, and then move to dismiss because it is not a corporation.

Dordal v. San Juan Light & T. Co.

Practice—Nonentry of Order.

2. Where the plaintiff has dismissed his case in this court, and begun proceedings in another, he cannot dispute the fact of dismissal in this court because the clerk failed to enter the order.

Practice—Amendments.

3. Sec. 954 of the Revised Statutes of the United States, U. S. Comp. Stat. 1901, p. 696, constitutes the law as to amendments in Federal courts, and cures the omission of a clerk to enter an agreed order.

Practice—Striking from the Docket.

4. Where a case has been dismissed by consent, and the order has been omitted by error, and the case entered upon the docket for the next term, it is improperly on the docket and will be stricken therefrom.

Opinion filed May 13, 1913.

_Mr. F. H. Dexter_ for plaintiffs.

_Mr. J. H. Brown_ for defendants.

HAMILTON, Judge, delivered the following opinion:

This case comes on to be heard upon the motion of plaintiffs to dismiss as to the defendant Porto Rico Railway, Light, & Power Company, and upon the motion of defendants for the dismissal of the whole case.

The undisputed facts of the case seem to be that the accident complained of happened on December 8, 1910, and the complaint in the case was filed December 7, 1911; that on April 1, 1911, defendant San Juan Light & Transit Company assigned all its rights and liabilities to the defendant Porto Rico Railway, Light, & Power Company. Service purporting to be

for defendant San Juan Light & Transit Company was had upon F. W. Teele individually, he having sometime previously been designated as agent to receive service. Service of the defendant Porto Rico Railway, Light, & Power Company was also had upon said Teele, but of this company he was named as an officer. The defendants allege that the defendant San Juan Light & Transit Company ceased to do business on and after May 2, 1911.

At the preceding term of this court, the plaintiffs, by their attorney, on April 22, 1912, prayed that the cause be dismissed without prejudice to establishing the same in the insular courts of Porto Rico. There is no minute entry showing an order granting this motion, but it is conceded all parties understood that the matter was disposed of, and plaintiffs filed another suit in an insular court in January, 1913, for the same cause of action. The insular court held the action barred under the statute of limitations. Now, upon the arrival of a new judge of the Federal court, the plaintiffs file this motion to dismiss as to the defendant Porto Rico Railway, Light, & Power Company, and, in support of it, allege that the San Juan Light & Transit Company had been duly served, had never legally transferred its rights and liabilities to the defendant Porto Rico Railway, Light, & Power Company, and that the Porto Rico Railway, Light, & Power Company was never duly organized. In support, they file a number of documents, whose materiality is objected to by the defendants.

So far as concerns the ground that the defendant Porto Rico Railway, Light, & Power Company had not been duly organized, the motion to dismiss is overruled. In the first place, the plaintiffs themselves brought this company into court as a valid cor-

poration, and cannot now be heard to deny that it is a corpo-
ration. This invalidity is alleged in argument, and is not even
shown by the written motion. Moreover, the organization of a
corporation cannot be attacked collaterally in this manner.
The sovereign might take proceedings, but, for the purposes of
this case, the defendant is a valid corporation.

The facts of the case seem to show that to all intents and
purposes the case was dismissed in April, 1912, upon the plain-
tiffs' own motion. It is true no minute entry was made, but,
after making the motion to dismiss in order to bring suit in an-
other court, and then going on to bring suit in that other court,
plaintiffs will not be heard to dispute the dismissal from this
court.

Sec. 954 of the Revised Statutes of the United States, U. S.
Comp. Stat. 1901, p. 696 constitutes the law as to amendments
governing the procedure of the Federal courts, and, in my opin-
ion, this section cures the defect of the nonentry of the dis-
missal, which was practically agreed upon by all parties in
open court.

It has been held that the omission of a clerk of court to enter
on the record a judgment upon demurrer, or state its waiver
if abandoned, is merely a clerical mistake, and is cured by this
statute. Townsend v. Jemison, 7 How. 706, 720, 12 L. ed.
880, 886.

Similarly, an omission to enter a preliminary judgment on
one of two pleas which was demurred to and showed no defense
is cured by this statute. Morsell v. Hall, 13 How. 212, 14 L.
ed. 117.

In the view of the court, therefore, this case is to be con-
sidered as dismissed in April, 1912, and is improperly upon

the docket for this term.   All motions are therefore denied, and the clerk will take the case from the docket as not being properly there.