UNITED STATES v. FIDELITY & CASUALTY CO. OF NEW. YORK
(two cases).

(Circuit Court of Appeals, Third Circuit.   June 18, 1919.)

Nos. 2468, 2469.

1. BAIL ☞75—FORFEITURE OF BOND.
    Where defendants failed to appear for trial, and surety failed to produce them, their recognizances may be forfeited.

2. BAIL ☞79(1)—SETTING ASIDE FORFEITURE.
    Under Rev. St. § 1020 (Comp. St. § 1684), authorizing court to remit recognizance forfeitures where public justice does not otherwise require, etc., the court's refusal to set aside forfeitures as to inmates of a bawdy-house near a military camp, who did not appear until a week after date set for their trial, causing inconvenience regarding witnesses, the disposition of other cases, etc., was not error.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Actions by, the United States against the Fidelity & Casualty Company of New York as surety for Rose Jacobson and against the same company as surety for Eva Melsker.   From orders refusing to remit forfeitures of recognizances (257 Fed. 760), the surety brings error. Affirmed and remanded.

William G. Wright, of Philadelphia, Pa., for plaintiff in error.

Robert J. Sterrett, of Philadelphia, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

BUFFINGTON, Circuit Judge.   These cases concern the forfeiture of recognizances given, respectively, by Rose Jacobson and Eva Melsker in the court below for their several appearances when called for trial on criminal indictments.   Their cases were duly set for trial on March 10, 1918, but they both failed to appear.   Thereupon the surety was duly called in open court to produce them, and having failed to do so, or show any cause for their default, the recognizances were forfeited.   A number of witnesses were in attendance for the trials, in expectation of which all other cases had been postponed for hearing at later date.   The result of the default was one of those delays and·obstructions which cause criticisms of courts, but· which in fact no court can prevent, where· persons who should be in attendance fail to keep their engagements.   But, while courts cannot prevent·these delays, they can sometimes take a salutary course that may prevent repetition.   A week later than required the defendants appeared and were tried and convicted.   Thereupon the surety company petitioned the court to take off the forfeiture of the recognizances.   This the court refused to do.   Whereupon the surety company sought to appeal from such refusal, but the judge, asserting the taking off of the forfeiture was wholly a matter of discretion, refused to grant such attempted appeal.   Thereupon the surety company sued out this writ of error, and assigned for error the refusal of the court to take off the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

forfeiture. A motion is now made to dismiss this writ of error, on the ground that the matter was one of discretion, and not the subject of review.

[1, 2] Without entering upon this question, we will, inasmuch as we have the full cases before us, assume, for present purposes, appeals would lie, and the causes are properly before us for disposition on the merits. Such being the case, has the surety company shown the court below was in error? We think not. There can be no question but that the court had the right to enter decrees of forfeiture when the defendants failed to appear and the surety failed to produce them. Such decrees having been properly entered, R. S. § 1020 (Compiled Statutes, § 1684),[1] printed in the margin, specifies the circumstances which enable a court to take off such forfeiture. Turning to that statute, we note it provides that the court "may, in its discretion, remit the whole or a part of the penalty," where "it appears to the court that there has been no willful default of the party," and "that public justice does not otherwise require the same penalty to be enforced."

Passing by the question whether the failure of the surety to produce the defendants when called for trial, and with no valid excuse for so doing, save neglect to fulfill the stipulated duty, was not in itself a willful default, we are very clear that the default was in fact one where public justice might well require the penalty should be enforced. These defendants were ones of a lot of women who were brought from New York City and installed in a bawdyhouse within the prohibited limits of a military camp. The court found "the conviction cannot be resisted that in doing what she did she was financed by, if not in fact acting for, others." The efforts of these women, many of whom were diseased, to entice the men in the camps, was open, shameless, and blazoned with effrontery. The case and the time were such as to necessitate prompt trials, so as to safeguard the young men in the camp. Not only was such prompt trial thwarted, but, as the court found, "the nonappearance of the defendants obstructed and delayed the work of the court and subjected the United States to a not inconsiderable expense, the sum total of which could not be definitely estimated." No one but the trial judge, whose court was subjected to the consequences resulting from the failure of these defendants to appear, can better determine whether public justice required that the penalty of forfeiture be enforced in these cases, and we are of opinion that, in view of all the attendant circumstances, some, but not all, of which we have referred to above, he committed no error in refusing to take off the forfeitures.

The orders refusing to take them off are therefore affirmed, and the causes remanded to the court below for further procedure.

---

[1] "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."