## BUSH v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Fourth Circuit. March 31, 1923.)

No. 2079.

1. **Railroads ☞330(2)—Truck driver, relying on signal held negligent in law.**

A truck driver who drove his truck slowly over 60 feet of space, during which he could have seen a train approaching in plain view, without even looking to see if a train was approaching, was contributorily negligent as a matter of law, notwithstanding his testimony that he had previously seen a flagman at that crossing and relied on the failure of the flagman to signal him, not knowing that it was after the hours during which the flagman was stationed there.

2. **Railroads ☞327(1)—Driver must use senses in crossing tracks.**

Though the exercise of due care does not necessarily require that one approaching a railroad crossing shall stop, look and listen, the driver of a truck approaching such crossing may not throw all care to the winds, and may not, while in the full possession of his senses, without attempting to use them, cross in broad daylight a track on which a train is visibly and rapidly approaching.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; George W. McClintic, Judge.

Action at law by S. E. Bush against the Baltimore & Ohio Railroad Company. Judgment for defendant on directed verdict, and plaintiff brings error. Affirmed.

Paul W. Scott, of Huntington, W. Va. (W. K. Cowden, of Huntington, W. Va., on the brief), for plaintiff in error.

J. H. Meek, of Huntington, W. Va., for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The plaintiff in error below sought to recover from the defendant in error, the Baltimore & Ohio Railroad Company, for injuries inflicted upon him by one of its trains. The accident took place at the West Fourteenth street crossing in Huntington, W. Va., somewhere between 4:30 and 5 o'clock in the afternoon of February 5, 1921. There was evidence from which the jury might have found that the train was late, and was running at anywhere from 20 to 45 miles an hour, a speed which some of the witnesses say exceeds that usual at that crossing. The evidence shows that on approaching it, the train gave the whistle warning, but would have justified the jury in finding that the bell was not kept continuously ringing. West Fourteenth street is a much traveled thoroughfare.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There were no gates at the crossing and the defendant did not keep a crossing watchman there after 4 in the afternoon or before 8 in the morning. Upon this state of the record, the jury might have found the defendant was negligent, but the learned judge below directed a verdict for it, because the evidence, when looked at in the light most favorable to the plaintiff, conclusively established negligence on his part directly contributing to the accident.

[1] The plaintiff was driving an auto truck in low gear up an ascending grade on a badly paved street. He was purposely going slow in order not to run any risk of doing damage to the carcasses of two newly slaughtered calves he had in his truck. He thought he was traveling at the rate of 6 or 8 miles an hour. There were other witnesses who estimate his speed as slightly higher. When he got within 59 feet of the nearest rail he had an unobstructed view of many hundreds of feet down the track in the direction from which the train was approaching. It was in full sight. His truck could have been stopped within 20 feet, yet he drove right upon the track, taking no notice of the train, and having in fact no thought of it until it struck him. His only excuse was that in recent months he thinks he chanced to cross the tracks at that place only between 8 in the morning and 4 in the afternoon when a watchman, or rather a watchwoman, was on duty and that he did not realize she was not there after 4. When he came near the crossing, he looked for her to exhibit her signal "Stop." As he saw nothing of her, he drove on without further thought on the subject.

[2] The court has recognized that there may be conditions under which the exercise of due care does not necessarily require that one approaching a railroad crossing shall stop, look, and listen. United States Director General of Railroads v. Zanzinger (C. C. A.) 269 Fed. 552. In such cases, that particular combination of precautions may not be required, because the circumstances may be such that a reasonably prudent person may fairly consider that the substitution for them of others will sufficiently guard his safety. He may not, however, throw all care to the winds; he may not, while in the full possession of his senses, without attempting to use them, cross in broad daylight a track upon which a train is visibly and rapidly approaching. Dernberger v. Baltimore & Ohio Railroad Co., 243 Fed. 21, 155 C. C. A. 551, and cases there cited; Atchison, Topeka & Santa Fé Ry. Co. v. McNulty (C. C. A.) 285 Fed. 97.

Affirmed.