## McLENNAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 17, 1926.)

No. 4774.

1. Bail ⟜94—Order denying motion to vacate order for forfeiture of bail bond is not final decision, and not reviewable by writ of error (Rev. St. § 1020 [Comp. St. § 1684]).

Under Rev. St. § 1020 (Comp. St. § 1684), order denying motion to vacate order of forfeiture of bail bond is not final decision, from which appeal will lie, and until further proceedings are taken to enforce liability of defendant or his sureties is not reviewable by writ of error.

2. Bail ⟜79(1)—Penalty for default not willful may be remitted, even after judgment on scire facias (Rev. St. § 1020 [Comp. St. § 1684]).

Under Rev. St. § 1020 (Comp. St. § 1684), authorizing court to remit penalty for default, where it is not willful, penalty may be remitted, even after judgment on scire facias.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

J. McLennan was indicted for conspiracy to commit offenses against the United States. To review an order denying a motion to vacate an order of forfeiture of bail, he brings error. Writ dismissed.

Kenneth M. Green and Harold C. Faulkner, both of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was one of several defendants, indicted in four indictments for conspiracy to commit offenses against the United States. In two of the cases he was released upon bail bonds in the penal sum of $5,000 in each case. On March 10, 1925, when the cases were called for trial, he failed to appear or answer to his name, and an order was entered directing that his bonds be forfeited.

Section 1020, Rev. Stats. (Comp. St. § 1684), provides that on breach of the condition of a bail bond the court "may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstand-

ing, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

On April 14, 1925, counsel for the plaintiff in error appeared in court and in the presence of the United States attorney asked for an order vacating the order of forfeiture of the bail bonds, stating orally as the ground of the motion that the failure of the plaintiff in error to appear at the trial was not willful, but was caused by his sickness. In support of the motion a physician who attended the plaintiff in error five days after the day on which the cases were set for trial testified that in his opinion the previous physical condition of the plaintiff in error was such as to have rendered his appearance in court impossible. Further testimony was taken both for and against the motion, and some of it tended to discredit the evidence of the illness of the plaintiff in error. On July 3, 1925, the court, in the exercise of its statutory discretion, denied the motion. That ruling the plaintiff in error seeks to review by this writ of error.

[1] One of the questions presented is whether or not the order of the court below is one which may be reviewed on writ of error. In Morsell v. Hall, 13 How. 212, 14 L. Ed. 117, it was held that a motion to enter an exoneretur of the bail is no defense to a scire facias, even if sufficient grounds were shown to support the motion. Said the court: "It is a collateral proceeding, not forming a legal defense to the scire facias, but addressing itself to the equitable discretion of the court, and founded upon its rules and practice. * * * No writ of error will therefore lie upon the decision of a motion of that kind." In Cook v. Burnley, 11 Wall. 672, 676 (20 L. Ed. 84) the court said: "It is well-settled law that decisions which rest in the discretion of a court of original jurisdiction cannot be re-examined in an appellate court upon a writ of error."

In United States v. Fidelity & Casualty Co., 258 F. 444, 169 C. C. A. 460, the Circuit Court of Appeals for the Third Circuit passed without deciding a motion to dismiss the writ of error on the ground that the refusal of the court to set aside a forfeiture was a matter of discretion and not subject to review, and declined to enter upon the question for the reason that the propriety of the court's ruling on the merits of the application was beyond question.

In the present case, however, the further question arises whether the refusal of the court to set aside the forfeiture is a final decision, from which an appeal will lie. We think it is not. A refusal to vacate a declaration of forfeiture of a bail bond is but an interlocutory order. It does not finally dispose of any right of the parties. It is of no effect, unless followed by further proceedings. Thereafter it still remains for the court either to issue scire facias for service upon the defendant and his sureties, or to bring them into court in an independent action to recover judgment upon the bond. In either proceeding defense might be made, by presenting to the court such grounds for relief as might induce the court to remit or mitigate the forfeiture. United States v. Feely, Fed. Cas. No. 15,082, 1 Brock. 255; United States v. Winstead, 12 F. 50; Kirk v. United States (C. C.) 131 F. 331; United States v. Traynor (D. C.) 173 F. 114.

And while it may be conceded that an order granting an application to vacate a forfeiture is appealable, for the reason that, unless appealed from, it results in a final disposition of the government's right to recover upon the bond (United States v. Smart, 237 F. 978, 150 C. C. A. 628), it is otherwise in cases where the application has been denied. In such cases the settled practice has been to bring the question of the right to relief under section 1020 to the circuit courts of appeals on writ of error, after final judgment upon a scire facias or other proceeding to enforce the liability of the defendant and his sureties. United States v. Robinson, 158 F. 410, 85 C. C. A. 520; United States v. Jenkins, 176 F. 672, 100 C. C. A. 224, 20 Ann. Cas. 1255; Hunter v. United States, 195 F. 253, 115 C. C. A. 225; Henry v. United States, 288 F. 845, 32 A. L. R. 257; Fidelity & Deposit Co. of Maryland v. United States (C. C. A.) 293 F. 575; Skolnik v. United States (C. C. A.) 4 F.(2d) 797.

[2] At the time of making his application to vacate the order, plaintiff in error had not been tried. Until his trial is had, the court below cannot know what amount of additional expense he may have caused the government by his failure to appear as obligated by his bond. Even after final judgment on scire facias, the penalty may still be remitted, under section 1020. United States v. Smart, supra.

The writ of error is dismissed.