## UNITED STATES v. GRAHAM et al.
### No. 8950.

Circuit Court of Appeals, Eighth Circuit.

Jan. 19, 1931.

W. N. Ivie, U. S. Atty., of Fort Smith, Ark. (G. T. Sullins, Asst. U. S. Atty., of

Fort Smith, Ark., on the brief), for the United States.

Jay L. Oldham, of Kansas City, Mo., for appellees.

Before KENYON and GARDNER, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

Tom Samuels was indicted in the United States District Court for the Western District of Arkansas, charged with theft from an interstate shipment. He was arrested at Kansas City, Mo., and executed a bail bond to appear and answer to the charge. The bail was signed by Walter A. Graham and Myrtle M. Graham as sureties. By the terms of the bond Samuels agreed to appear before the court on January 10, 1926, and from time to time to which the cause might be continued and not to depart without leave. Samuels appeared at the January term, but the case against him was continued until the following June term of court. Samuels returned to Kansas City and was not present at the June term of court on June 16, 1926, when the court ordered a forfeiture of the bond. A scire facias upon the bond was issued against the signers. The court afterwards entered a judgment by default against the sureties on the bond, and an execution on the judgment was issued and levied on the property of the sureties. The sureties then petitioned the court to set aside the judgment which had been entered against them, to quash the execution which had been issued, and to remit the penalty of the bond. The government filed an answer to the petition, and after a trial before the court, the court entered a judgment as prayed. From that judgment this appeal is prosecuted. See McLennan v. United States (C. C. A.) 12 F. (2d) 507.

On the appeal the government contends that the judgment is erroneous under the pleadings and evidence in the case. Section 1020 of the Revised Statutes (title 18 U. S. Code, § 601 [18 USCA § 601]) is as follows:

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

640

It appears that the defendant Samuels resided in Kansas City, Mo., and was an employee of Walter Graham, one of the petitioners. When he appeared at the January term of court, Samuels was represented by counsel. There was testimony which was received without objection, or was brought out by questions of the government's counsel, which tended to prove that Samuels was told at that time by his attorney that he would be informed of the time when his case would be called at the June term, that he need not appear until he should receive a letter from his attorney, and that no letter or other message was sent to him. After the entry of the forfeiture of the bond on June 16th, Samuels and his surety Graham, and an attorney at Kansas City representing the surety, appeared at the offices of the United States marshal and district attorney in Kansas City on July 6 or 7, stated to those officials that information had been received that Samuels' bond had been forfeited, asked the officials for advice as to what course should be pursued, and Samuels voluntarily surrendered himself into custody. Soon afterwards Samuels gave a new bond to appear before the court at the January, 1927, term. At that term Samuels appeared and was tried upon the charge in the indictment and was acquitted. It does not appear that Samuels had any knowledge that his case was set for trial at any particular date. He continued to reside at Kansas City, and there is no claim that he attempted to escape or to go into hiding. After hearing the testimony the court found that Samuels had not been guilty of any willful default in failing to appear at the June term and entered the judgment complained of.

 We think there was no abuse of the discretion vested in the trial judge by the statute cited, in remitting the penalty of the bond. United States v. Smart (C. C. A.) 237 F. 978; United States v. Traynor (D. C.) 173 F. 114. Complaint is made because the court received in evidence, subject to an objection made by the district attorney, an affidavit made by Samuels. The court clearly indicated that it ought not to be considered as evidence. Substantially all that was stated in the affidavit appeared by other undisputed evidence received without objection. It is not to be presumed that the court gave weight to the contents of the affidavit. Complaint is also made that the court should not have remitted that part of the judgment upon the scire facias which imposed the costs of that action on the defendants. The court ordered that the judgment assessing the penalty of fifteen hundred dollars should be set aside and that the penalty under the terms of the bond should be remitted, and that the execution issued on that judgment should be quashed. This was not a vacation of the entire judgment which had been entered in the scire facias action, but left the judgment for costs undisturbed.

The judgment will be affirmed.