## UNITED STATES v. MANGER.
### No. 8422.

District Court, W. D. New York.
March 23, 1934.

Jacob Ark, of Rochester, N. Y., for the motion.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), opposed.

ADLER, District Judge.

■ This is a petition by the surety for the remission of a forfeited bail bond pursuant to section 601, title 18 USCA. There is no merit in the contention of the surety that the defendant Manger thought his presence was no longer required in court and, as he never left the city, his default was not willful. A review of the record shows that Manger failed to appear, and a bench warrant was issued on May 3, 1932. The defendant then pleaded not guilty, May 11th, changed his plea to one of guilty on May 13th, and, as he could not pay a fine on that date, the case was adjourned. He failed to appear on the adjourned date, and on May 17th a second bench warrant was issued. On May 26, 1932, after due proclamation in open court, the bail bond of Manger was estreated. Manger was finally arrested on February 4, 1933, nearly a year after his plea of guilty was entered. The conclusion is irresistible that Manger's attitude throughout has been one of disrespect for the law. In such a case the court has no discretion to remit any part of the forfeited bail bond. United States v. Kelleher (C. C. A. 2) 57 F.(2d) 684, 84 A. L. R. 14, certiorari denied Greater City Surety Co. v. United States, 286 U. S. 565, 52 S. Ct. 646, 76 L. Ed. 879.

■ The second contention of the surety is equally untenable. It is, that in response to a letter from the United States marshal, dated August 25, 1932, Assistant United States Attorney Grimm wrote that in case the surety paid Manger's fine, he would see that the civil action against Mrs. Battaglia was closed. Not only had there been no fine imposed on Manger, but if a fine had been imposed, the United States attorney has no power to compromise a claim in favor of the United States on a forfeited bail bond. In the case of United States v. Beebe, 180 U. S. 343 at page 351, 21 S. Ct. 371, 374, 45 L. Ed. 563, the Supreme Court, through Mr. Justice Peckham, said:

"We think there can be no serious question that a district attorney of the United States has no power to agree upon a compromise of a claim in suit except under circumstances not present in this case. There is no statute of the United States, and no regulation has been called to our attention, giving a district attorney any such power, but, on the contrary, it is provided in paragraph 7 of the regulations established by the Solicitor of the Treasury, and approved by the Attorney General, pursuant to section 377 of the Revised Statutes of the United States [5 USCA § 327], that no district attorney shall agree to take a judgment or decree for a less amount than is claimed by the United States, without express instructions from the Solicitor of the Treasury. * * *

"The power to compromise a suit in which the United States is a party does not exist with the district attorney any more than a power to compromise a private suit between individuals rests with the attorney of either party, and that such an attorney has no power to compromise a claim in suit has been frequently decided," etc.

It has been held that even the Secretary of the Treasury has no authority under section 3469 of the Revised Statutes (31 USCA § 194) to accept a compromise of a final judgment upon a forfeited bail recognizance. See 36 Op. of Attys. Gen., page 40, 1929–1932, Matter of Great American Indemnity Co. To the extent that United States v. Levine (D. C.) 1 F. Supp. 104, may be contrary to the view expressed herein, that case is not followed.

■ Finally, the petitioner asks that the default on the forfeited bail bond of October 22, 1932, be opened. In view of what I have said this would be a useless procedure. It is a well-established rule "that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which, by law, can review the decision." See Mr. Justice Miller in Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797.

The petition is in all respects denied.