### UNITED STATES v. FACKLER et al.
### No. 2404.

District Court, M. D. Pennsylvania.
July 1, 1936.

Frederick V. Follmer, U. S. Atty., of Milton, Pa., for the United States.

Homer L. Kreider, of Harrisburg, Pa., for defendants.

WATSON, District Judge.

Daniel Fackler was arrested, charged with a violation of the National Prohibition Act, 27 U.S.C.A. § 1 et seq., and had a hearing before a United States Commissioner on November 14, 1929, at which time he entered into his recognizance, as principal, with Abe M. Goldsmith, as surety, in the amount of $2,000, conditioned for the appearance of Daniel Fackler in the United States District Court of this District for trial. He was indicted December 17, 1929. Upon the failure of Daniel Fackler, the principal on the bond, to appear on January 24, 1930, the bail was forfeited. In pursuance of such forfeiture, a proceeding by scire facias sur recognizance was instituted to civil docket No. 2404, January term, 1930, and judgment subsequently entered in that proceeding against Daniel Fackler and Abe M. Goldsmith.

A petition has now been filed by Abe M. Goldsmith seeking a remission of the forfeiture and praying that the judgment be opened.

■■ It is well settled that the remission of a forfeiture is an act of grace, U. S. v. Mack et al., 295 U.S. 480, 55 S.Ct. 813, 79 L.Ed. 1559, and that the court may exercise its discretion and remit the whole or a part of the penalty only if it appears that the conditions prescribed by 18 U.S.C. § 601 (18 U.S.C.A. § 601) exist, namely, that the default on the part of the defendant was not willful and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the penalty to be enforced, U. S. v. Kelleher et al. (C.C.A.2) 57 F.(2d) 684, 84 A.L. R. 14; U. S. v. Vincent (D.C.Mass.) 10 F.Supp. 489; U. S. v. Manger (D.C.N.Y.) 7 F.Supp. 720; U. S. v. Levine et al. (D. C.N.Y.) 1 F.Supp. 104; U. S. v. Costello (C.C.A.6) 47 F.(2d) 684; but any costs incurred must be paid and cannot be included in the remission, U. S. v. Graham et al. (C.C.A.8) 46 F.(2d) 639; Griffin et al. v. U. S. (D.C.Ga.) 270 F. 263. In the present case, judgment has already been entered, but this is not a bar to a remission. United States v. Traynor (D.C.Tenn.) 173 F. 114; McLennan v. U. S. (C.C.A.9) 12 F.(2d) 507.

■■ Evidence has been submitted, including correspondence both before and after the forfeiture, bearing on the question of the willfulness of defendant's default, and on the question of whether the surety was negligent in failing to give heed to the scire facias and permitting the conditional judgment to become final.

It appears that at the time the case was listed for trial, the then counsel for the defendant requested a continuance on the ground that he, the counsel, was ill. It appears, also, that the failure of the defendant Daniel Fackler to be present on the Friday morning, January 24, 1930, the day when his case was called and recognizance forfeited, was due to the fact that he had been called to the deathbed of his daughter; that immediately thereafter his counsel reported to the United States Attorney and stated his willingness to produce the defendant at any time set; and that a definite date was set, at which time the defendant appeared, waived jury trial, pleaded not guilty, and was found not guilty. It also appeared that immediately after the forfeiture and, upon counsel communicating with the United States Attorney's office, the capias which was issued at the time of forfeiture was stayed by the United States Attorney, and that the defendant's appearance was voluntary.

In this case, therefore, I am of opinion that the discretion of the court may be properly exercised to relieve the defendant and surety of the penalty incurred by the forfeiture of the recognizance, finding as I do that the default was not willful, that the defendant has voluntarily appeared, been tried and acquitted, and that there is nothing in the case by reason of which public justice would require the penalty be enforced, provided all costs are paid.

Now, it is ordered and decreed that, upon the payment within thirty days from the entry of this decree of all costs accrued upon the scire facias sur recognizance to civil docket No. 2404, January term, 1930, including the costs incident to this application, and also any costs which may have accrued in the criminal prosecution to criminal docket No. 5925 with respect to the entry of the forfeiture therein, the forfeiture be remitted as to penalty and interest, and that the judgment entered thereon be vacated and stricken off. The clerk of this court, upon payment of the costs as aforesaid, to make the necessary entries to civil docket No. 2404 and to criminal docket No. 5925.