## DAVID RATTRAY *v.* THE STATE.

1. CHANGE OF VENUE. *Prepayment of costs.*
    The prepayment of costs cannot be made a condition precedent to a change of venue when the judge is satisfied from the showing made that the change is essential to the having of a fair and impartial trial.

2. SAME. *Constitutional right.*
    Section 4 of Art. XII of the Constitution guarantees as a constitutional right a change of venue when justice and impartiality demand it, and forbids the imposition of any pecuniary charge as a prerequisite.

3. SAME. *Costs. Statute construed.*
    The statute must be construed as authorizing the judge to impose any condition as to costs that he may think fit, but such imposition can only be made effectual by a writ of *fi. fa.* for the collection of the costs, as in case of other money judgments. The change of venue takes place at once, unless the order for it be vacated during the term upon grounds independent of pecuniary considerations.

4. LIBEL. *Indictment.*
    An indictment for libel is good which sets out the libelous matter without alleging in what form the same was published, *i. e.*, whether in newspaper, book, or letter; it sufficiently appearing from the indictment that a newspaper article was complained of.

APPEAL from the Circuit Court of Adams County.

HON. RALPH NORTH, Judge.

At the October term, 1882, of the Circuit Court of Adams County, the appellant, David Rattray, was indicted by the grand

jury for libel. The indictment was in the following words : "That D. Rattray and Leon C. Duchesne, late of said county of Adams, on the 9th day of September, in the year of our Lord, 1882, in the county aforesaid, unlawfully and maliciously contriving and intending to vilify and defame one T. C. Pollock, president of the board of supervisors of Adams County and to bring him into public scandal and disgrace, and to injure and aggrieve him, the said Pollock, on the said 9th day of September, 1882, in the county aforesaid, did unlawfully and maliciously write and publish, and cause to be written and published, a certain false, scandalous, malicious, and defamatory libel of and concerning him, the said Pollock, president of the said board of supervisors as aforesaid, containing therein among other things the false, malicious, defamatory, and libelous words and matters following ; that is to say : 'We have charged Mr. T. C. Pollock, president of the board of supervisors, with acquaintance for years with the irregular practices of the late superintendent of education, and that, possessed of this acquaintance, he signed a recommendation for Montgomery's reappointment to the office Mr. T. C. Pollock knew he had repeatedly prostituted. We have charged that a grand jury of Adams County did find against this Mr. T. C. Pollock for prostituting his own office to his personal benefit at the expense of the county of Adams. To confirm all this we will gladly embrace the opportunity to force to the witness stand (here the names of several persons are set out), and a number of others, the minutes of the circuit court, and the members of the grand jury of 1879. These charges tend to degrade Mr. Pollock. Campbell's Code presents him with the opportunity of placing the responsibility for this degradation where it belongs—upon his own acts or the statements of the *Mighty Truth,'* to the great injury, scandal, and disgrace of the said T. C. Pollock, president of the board of supervisors as aforesaid, and against the peace and dignity of the State of Mississippi."

Upon the case being called for trial, appellant made a motion for a change of venue. The proper showing having been made, the court granted the change to Jefferson County upon the payment of the costs of court that had accrued up to the time when the change

of venue was granted. The defendant declined to comply with the order as to costs, but made an affidavit of poverty, and it was contended that he was thereupon entitled to have the venue changed. The court ruled otherwise and ordered the trial to proceed in Adams County, where the indictment had been found. This is assigned for error.

Appellant then moved to quash the indictment upon the following grounds: " 1, it is too vague, indefinite, and uncertain to enable the defendants to prepare their defenses ; 2, it does not recite nor allege the manner in which the publication was made, whether in a newspaper, a book, in a letter, or otherwise." This motion was overruled and this action of the court is assigned for error.

The jury returned a verdict of guilty and the court imposed a fine of one hundred dollars and costs on the defendant, who appeals.

The various questions arising during the trial on the evidence and instructions are not passed upon by this court.

*G. F. Bowles,* for the appellant.

1. The motion to quash should have been sustained. The indictment should have informed the defendant not only of the nature but of the cause of the accusation against him, *i. e.,* not only what the prosecution defines and pronounces a libel, but the manner of the publication, whether in a newspaper, book, letter, or otherwise. *Opertet quod certa res deducator in judicium.* Sec. 7, Art. I of the Constitution of the State of Mississippi, says : " *In all criminal prosecutions, the accused shall have a right to be heard himself, or counsel, or both, to demand the nature and cause of the accusation.*"

2. The venue in this case should have been changed unconditionally to some county in the State where the defendant could have obtained a fair and impartial trial before a fair and impartial jury. Sec. 4, Art. XII, Constitution Mississippi. A fair and impartial trial before a fair and impartial jury, was all the defendant Rattray asked for, and in asking for it, he asked for no more than he, under the law, had a right to demand. The Constitutions of the United States and of the State of Mississippi guarantee to every person charged with the commission of a crime or offense against the laws

a fair and impartial trial by a fair and impartial jury of his peers. Sec. 4 of Art. XII of the Constitution of the State, says: "The legislature *shall* provide by law for  *  *  *  the trial of persons  *  *  *  in any county other than that in which the offense was committed whenever, owing to prejudice or any other cause, an impartial grand or petit jury cannot be impaneled in the county where the offense was committed." Under this section of the constitution a change of venue is a matter of right in the accused, but under § 3061 of the Code it is left to the discretion of the court. The court should have no discretion whatever in a matter of this kind, when the defendant shows by satisfactory evidence that he cannot get a fair and impartial trial in the county where the offense is alleged to have been committed. A change of venue should be granted unconditionally. 9 Texas 358 ; 7 Ind. 110 ; 2 Wis. 419 ; 15 Ill. 511 ; 8 Mo. 606. That a fair and impartial trial cannot be had in the county where the offense is alleged to have been committed is sufficient cause for change of venue. *People* v. *Long Island Railroad Co.,* 4 Parker 602.

*Nugent & McWillie,* on the same side.

We think the order granting the change of venue was complete and that the words "on payment of the costs" were without effect as to the change of jurisdiction created by the order, for the reason that, as we have shown, the court had no authority under the act to impose such a condition as *payment* of costs, and also that even if the court could in its discretion require payment of costs, the demand of *immediate* payment would be an abuse of discretion, and the order should be taken as meaning payment within some reasonable time. However friendless and destitute at the time the accused may have been, the court could not say that the costs would not be, either through his own industry or the generosity of others, paid in full time for a transmission of the record to the next term of court in Jefferson County, or that those to whom they were payable might not waive their costs from compassion for the accused and in the interest of public justice. Sec. 4, Art. XII, of Constitution of State, Code of 1880, §§ 3062–3066 ; *Haglin & Pope* v. *Rodgers,* 37 Ark. 491 ; *Ammons* v. *State,* 9 Fla. 530; 14 Grattan 669.

*W. L. Nugent* and *J. S. Morris,* on same side, argued the case orally.

*T. C. Catchings,* Attorney General, for the State.

1. The indictment fully sets out the libelous matters contained in the *Mighty Truth* newspaper, so far as they applied to Mr. Pollock, and it was unnecessary to set out the fact of the publication referred to by counsel.

2. It was not necessary that the indictment should do more than set out the libelous matter. It was not necessary that it should point out the method by which it was published, or that it was published in a newspaper, book, letter, or otherwise. If the defendant published it, he was sufficiently informed of the nature of the accusation, by setting out precisely the libelous matter, without further particularization.

*Frank K. Winchester,* on the same side.

CHALMERS, J., delivered the opinion of the court.

We pretermit a decision upon the various questions that arose upon the trial because we are of opinion that it was erroneous to have proceeded with the trial in Adams County against the objections of the accused and after the court in that county had decided that a fair and impartial trial could not be had there. The accused, by his own affidavit and that of two credible witnesses, satisfied the court that this was impossible, and thereupon the motion for a change of venue was sustained and the venue was changed to Jefferson County; but this order was accompanied with the requirement that the accused should pay all the costs of the term. The accused filed an affidavit that he was unable from poverty to make such payment or to give security therefor, and thereupon the court directed the trial to proceed in Adams County, to which the accused excepted. The statute with reference to the change of venue provides that the change of venue may be granted upon such terms as to costs in said cases as the judge may think right. But this must not be construed as authorizing the prepayment of costs as a condition precedent to the change when the judge is satisfied from the showing made that the change is essential to the having of a fair and impartial

trial.   Such a construction would make the statute unconstitutional, because by Section 4 of Article XII of the constitution it is made the duty of the legislature to provide by law for the trial of persons in any county other than that in which the offense is committed, whenever, owing to prejudice, an impartial grand or petit jury cannot be impaneled in the county where the offense was committed. This guarantees, as a constitutional right, a change of venue where justice and impartiality demand it, and forbids the imposition of any pecuniary charge as a prerequisite.

The statute must be construed, therefore, as authorizing the judge to impose any conditions as to costs that he may think fit, but such imposition can only be made effectual by a writ of *fi. fa.* for the collection of the costs, as in case of other money judgments.   In the meantime, the change of venue takes place at once, unless the order for it be vacated during the term upon grounds independent of pecuniary considerations.

It follows, therefore, that so much of the order in this case as required a prepayment of costs was null, and the succeeding trial, which was had despite the objections of the accused, was erroneous. The venue of the case must be changed to Jefferson County and a trial there had.   *Haglin* v. *Rogers,* 37 Ark. 491; *Ammons* v. *The State,* 9 Fla. 530.   The motion to quash the indictment was properly overruled.   The alleged libelous matter was sufficiently set out.

The question of the legality of the appointment of Judge North to the double position of chancellor and of circuit judge is raised only by argument in this court, but in no method whatever by the record, and therefore cannot be noticed.

*Reversed and remanded with directions to be transferred by change of venue to the Circuit Court of Jefferson County.*