THE STATE OF KANSAS v. DOUGLAS V. DOWD.

1. LIBEL — *Information, Not Defective.* An information for libel which charges the defendant with writing, publishing and circulating a libel, which is set out in full, is not fatally defective in failing to state the mode of publication.

2. ADDITIONAL WITNESSES — *Indorsing Names — Discretion of Court.* It is within the discretion of the court to allow the prosecution to indorse the names of additional witnesses upon the indictment after the trial has begun; and it was no abuse of that discretion to allow the indorsement of the name of the complainant, who had sworn to the facts stated in the charge, after the jury was impaneled and sworn.

*Appeal from Wabaunsee District Court.*

ON March 16, 1887, the county attorney of Wabaunsee county filed in the district court an information which contained the following allegations:

"I, J. B. Barnes, the undersigned, county attorney of said county, in the name, by the authority and on behalf of the state of Kansas, come now here and give the court to understand and be informed that, on the 27th day of January, 1887, in said county of Wabaunsee and state of Kansas, one Douglas V. Dowd, being the editor and publisher of a weekly newspaper known as *The Eskridge Home Weekly,* and which said newspaper is edited and published in the town of Eskridge, in said county of Wabaunsee and state of Kansas, did then and there unlawfully, willfully and maliciously write and publish of and concerning one Virgil C. Welch a certain false, scandalous and malicious libel, of the tenor following,

to wit: 'The drunken sot [meaning him, the said Virgil C. Welch] from Morris county, who attempts to run a paper in Alma by the name of the *Enterprise*, got on another terrible bender last week, and while his belly was filled with 'bug-juice' [meaning intoxicating liquor] and his boots with snakes, proceeded in this crazy condition to 'do up' the board of county commissioners — more especially Messrs. Wade and Mogge. The vileness of this drunken skunk is odious to all the citizens of our county, and he [meaning Virgil C. Welch] ought to be annihilated, or returned to Morris county to prey upon the pocket of Senator Crane,' meaning by said publication that Virgil C. Welch was publicly drunk in Alma, Wabaunsee county, Kansas, and while drunk then and there proceeded to unlawfully disturb the peace of the board of county commissioners of Wabaunsee county, and especially that of Wade and Mogge, two of the county commissioners of said county. Said article, so written and published by said Douglas V. Dowd, was by him, the said Douglas V. Dowd, knowingly, willfully, maliciously and unlawfully circulated in said Wabaunsee county, and said libel was a malicious defamation of the character of said Virgil C. Welch, tending to provoke him, the said Virgil C. Welch, to wrath, and expose him, the said Virgil C. Welch, to public hatred, contempt and ridicule, and to deprive him, the said Virgil C. Welch, of the benefit of public and social intercourse; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

The defendant moved to quash the information upon the ground that the charge therein stated is too indefinite and uncertain as to the manner of the commission of the offense, and does not describe the nature of the accusation; which motion was overruled. A trial was had with a jury at the regular June term, 1887, and after the jury was impaneled, the county attorney asked and obtained leave to indorse the name of the prosecuting witness upon the information; to which ruling an exception was taken. A verdict of guilty was returned; after which, motions for a new trial and in arrest of judgment were made and overruled, when the court adjudged that the defendant pay a fine of $25 and the costs of the prosecution. Exceptions were taken by the defendant to the rulings of the court, and he now appeals.

*William Thomson,* for appellant.

*S. B. Bradford,* attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: The main question raised by this appeal is the sufficiency of the information under which the defendant was prosecuted and convicted. He urges that it is indefinite, ambiguous, and fatally defective in failing to state the manner of publishing the alleged libel. It is expressly alleged that the defendant published the libel, but it is not explicitly stated by what means it was done. The prosecution states in the information that "Douglas V. Dowd, being the editor and publisher of a weekly newspaper known as *The Eskridge Home Weekly,* and which said newspaper is owned and published in the town of Eskridge, in said county of Wabaunsee and state of Kansas, did then and there unlawfully, willfully and maliciously write and publish of and concerning one Virgil C. Welch, a certain false, scandalous and malicious libel of the tenor following:" setting out the libelous language. In this it is inferentially alleged that the libel was published in the newspaper edited and published by the defendant. But, if we regard the information as failing to state the mode of publication, is the omission a fatal defect? It must be remembered that the offense charged is only a misdemeanor, and that the same fullness and precision of statement are not required as in a case of felony. The essential ingredients of the offense and allegations are, that at a certain time and place the defendant willfully made and published of and concerning another a libel, setting out a copy of the same. (Comp. Laws of 1879, ch. 31, §§ 270, 271; Maxwell, Crim. Proc. 317.) While we think it is the better practice to state the mode of publication, we do not regard it as indispensable to the validity of the information. Mr. Bishop, in his treatise on Criminal Procedure, gives the material allegations in a charge of libel, and says this in regard to the mode of publication: "Adding, if the pleader chooses, 'in the form of a book,' or 'in the form of

a handbill,' or 'in the form of a letter,' etc.; *but nothing of this is believed to be necessary.*"

In *Rattray v. The State*, 61 Miss. 377, the prosecution was for libel, in which it was alleged that the defendant did unlawfully and maliciously write and publish, and cause to be written and published, a certain libel, but failed to state the manner of publication, and a motion was made to quash the indictment upon the ground that it did not recite nor allege how the publication was made — whether in a newspaper, a book, in a letter, or otherwise. The motion to quash was overruled, and the supreme court sustained that ruling, and held the indictment to be sufficient.

In the case of *The State v. Barnes*, 32 Me. 530, an indictment charging a libel, recited that the defendant wrote and published a libel, and sent the same in an envelope in the form of a letter, or printed circular, or pamphlet. Although the mode of publication was alleged in the disjunctive, the court held that the allegation of sending the libel, and that the defendant thereby published it, was a sufficient averment of publication; that the allegation in respect to the letter, circular, or pamphlet, "is not of the essence of the offense, but is only the mode of publication, namely, that the libelous matter was published in one or the other of those forms, and it is quite unimportant which."

The testimony in the case abundantly shows that the libel was written by the defendant and published in his newspaper. In fact, the making and publishing was admitted by the defendant on the trial, his defense being made upon other grounds; and hence he is not in a good position to complain of the testimony offered by the state concerning the writing and publication of the libel. But the decision which has already been made relating to the sufficiency of the information, practically disposes of the objection to the evidence on the ground of variance.

An exception was taken to the ruling of the court allowing the county attorney to indorse the name of a witness on the information after the jury had been impaneled and sworn.

It cannot be sustained.   The name indorsed was that of the ·complaining witness, who had sworn to the facts stated in the ·charge; and hence it could hardly be said that the defendant was without notice, or was surprised in regard to the testimony of this witness.   But the power exercised by the court in allowing the indorsement at that time was discretionary, and certainly there was no abuse of discretion in this instance. ·(*The State v. Cook,* 30 Kas. 82; *The State v. Teissedre,* 30 id. ·476.)

The judgment of the district court will be affirmed.

All the Justices concurring.