BERNHARDT RAUSCHKOLB ET AL. V. STATE OF NEBRASKA.

FILED JANUARY 9, 1896. No. 7602.

1. **Indictment and Information:** INDORSEMENT OF NAMES OF WITNESSES: TIME. In the discretion of the trial court, the names of additional witnesses may be indorsed by the county attorney on the information after the filing thereof and before the trial.

2. ———: ———: POSTPONEMENT OF TRIAL. In such case, however, where a request is made to postpone the trial for twenty-four hours to enable the defendant to meet the testimony expected to be given by the person whose name is so indorsed, it is an abuse of discretion to deny such request, if such witness is examined on the trial and gives material testimony for the state in making out its case in chief.

ERROR to the district court for Nemaha county. Tried below before BUSH, J.

See opinion for statement of the case.

*John S. Stull* and *C. P. Edwards*, for plaintiffs in error:

The court erred in refusing plaintiffs in error a reasonable time in which to prepare for trial after the name of the witness Levi Shores had been indorsed on the information. (*Johnson v. Dinsmore*, 11 Neb., 394; *Newman v. State*, 22 Neb., 355; *Gandy v. State*, 27 Neb., 707; *People v. Evans*, 72 Mich., 367; *Elliott v. State*, 34 Neb., 48.)

*A. S. Churchill*, Attorney General, *George A. Day*, Deputy Attorney General, and *A. J. Burnham*, County Attorney, for the state, cited: *Gandy v. State*, 24 Neb., 723.

NORVAL, J.

This is a prosecution brought under section 20, chapter 50, Compiled Statutes of this state, for keeping and having in possession for sale, without a license, certain intoxicating liquors. The prisoners were found guilty, and the judgment rendered against them upon the verdict is before us for review.

The record discloses that the case was continued from term to term until the 20th day of March, 1894, when, upon a showing made by the county attorney, permission was given, over the objection of defendants, to indorse upon the information the name of Levi Shores. An exception to the ruling was taken, and the defendants thereupon, by reason of said indorsement, asked that they be given twenty-four hours in which to prepare for trial. This the court refused, but arraigned the defendants at once, and forthwith impaneled a jury to try the case, and on the same day a

verdict of guilty was returned.    The permitting the county attorney to indorse the name of the witness on the information and refusing defendants' request to postpone the trial are assigned for error.

Section 579 of the Criminal Code provides that the prosecuting attorney shall indorse on the information the names of the witnesses known to him at the time of filing the same, and at such time, before the trial of any case, as the court may by rule or otherwise prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him.    In the case under consideration it appears from the affidavit of the county attorney that he was not such officer when the information was filed, and that he had no means of knowing that Levi Shores could give material testimony until the time the application was made to indorse his name.    The statute gives authority to indorse upon an information the names of additional witnesses after the filing thereof and before the trial.    It is discretionary with the trial court whether such permission shall be given or refused, and its ruling in that regard is no ground for disturbing the verdict, where no abuse of discretion is made to appear.    Upon the showing made, we think the discretion of the court was properly exercised in authorizing the name of the witness to be indorsed on the information.

The denial of the defendants' request for a postponement of the trial is fraught with more serious consequences. It was the duty of the trial court, in allowing the indorsement of the name of an additional witness on an information, to protect the rights of the accused; and where a reasonable request is made to delay the hearing in order that the defendant may meet the testimony expected to be given by the person whose name is so indorsed, the court should give the defendant a reasonable time to prepare his defense. It is, doubtless, true, as contended by the attorney general, that an application of the character indicated is addressed

to the sound discretion of the court, and unless prejudice is shown to have resulted from a denial thereof, the ruling will not be disturbed by this court.    The bill of exceptions shows that Levi Shores was a most important witness for the state in making out its case in chief.    His testimony was to the effect that he bought intoxicating liquors of the defendants at the place where the liquors in question were kept.    The purpose of this testimony was to establish the intent of the defendants in keeping the liquors,—one of the essential ingredients of the crime charged.    A reasonable postponement of the trial should have been allowed the defendants to meet this testimony, and the twenty-four hours asked by the defendants was not an unreasonable time.    There was an abuse of discretion in refusing this request. (*Parks v. State,* 20 Neb., 515; *Stevens v. State,* 19 Neb., 647.)

The conclusion reached in *Gandy v. State,* 24 Neb., 723, cited by the state, does not conflict with the ruling herein. There additional names were indorsed upon the information immediately preceding the trial, and a continuance was thereupon requested by the defendant, which was denied.    The testimony of those whose names were thus indorsed was immaterial, and the continuance was asked over the term.    In these important respects the case differs from the one at bar.

Other errors are assigned, but the conclusion already reached makes their consideration unnecessary.    The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.