H. D. COCHRAN AND EMMET BLEVINS v. THE UNITED STATES.

(Filed March 4, 1904.)

1.  MISDEMEANORS—Separate . Trials—Not    Entitled    to,    When. Where two or more persons are indicted under a statute of the United States for a misdemeanor, they are not entitled, as a matter of right, to separate trials. Separate trials may be granted or refused in the discretion of the trial court.

2.  JURORS—Challenges of. The rule of procedure which gives to the prosecution and defendant each three peremptory challenges does not mean where two or more defendants are tried jointly for a misdemeanor, that each defendant may challenge three jurors, but that all of the defendants may jointly challenge that number.

3.  SAME—Court May Excuse. A trial court, in the exercise of a sound discretion, may at any time before the jury is sworn to try a criminal case, on its own motion, excuse any juror who it thinks is biased or prejudiced, or for any reason not a fit person to sit on the case, and need not assign any reason therefor.

4.  INDICTMENT—Endorsement of Names on. Under the criminal procedure of Oklahoma, a trial court may permit the prosecution to endorse the names of witnesses on the indictment at any time, upon furnishing to the defense a list of the names.   .

5. **PROCEDURE.** It is not error for a trial court to open up a case after both the prosecution and defendant had rested, and permit the prosecuting officer to further cross-examine some of the witnesses for the defendant, unless it is affirmatively shown by the record that the defendant was prejudiced thereby.

6. **EVIDENCE.** Where all of the evidence, although conflicting, reasonably supports a verdict, the judgment rendered thereon will not be disturbed.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before Bayard T. Hainer, Trial Judge.*

*E. M. Clark,* for plaintiffs in error.

*Horace Speed, United States Attorney,* and *John W. Scothorn, Assistant United States Attorney,* for defendant in error.

Opinion of the court by

Burwell, J.: The appellants were convicted under the United States Statutes, of taking and carrying away one heifer with intent to steal and purloin the same. Cochran was sentenced to one year in the federal jail and to pay a fine of one hundred dollars and costs, and Blevins was sentenced to ninety days in the federal jail and to pay a fine of twenty-five dollars and costs. Of these judgments they complain and pray a reversal. The defendants moved the court to grant them separate trials which was denied. Appellants contend that this was error, as the crime of which they stood charged was a felony, and section 5203 of the Statutes of Oklahoma, 1893, gave them, if they desired, separate trials as a matter of right. This section of the statutes is as follows:

"When two or more defendants are jointly indicted for

a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly in the discretion of the court."

This statute relates to the procedure merely, but, although a territorial statute, is applicable in this case, as the territorial procedure obtains in all criminal cases. Therefore, it is necessary to determine whether the crime for which defendants were tried is a felony or misdemeanor; and appellants, in support of this contention, cite us to the Statutes of Oklahoma, which make the stealing of a domestic animal a felony; but it is clear that this statute nor any other territorial statute defining a crime or fixing the punishment therefor, can have any bearing on the case, or the rights of the parties. The general government may legislate for the territory, but the territory cannot legislate for the general government. The defendants were not tried for violating a law of Oklahoma but for breaking a law of the United States, and then, at any rate, there is a difference in the language of the two statutes. The Oklahoma Statute provides that: "If any person shall steal any stallion, mare * * * * cow, calf, etc., he shall be guilty of a felony and, on conviction thereof, shall be punished by confinement in the territorial penitentiary for a term of not less than one nor more than ten years." Under this statute the crime of stealing must be completed or no conviction can be had. Not so with the federal statute. It reads as follows:

"Every person who, upon the high seas, or in any other place under the exclusive jurisdiction of the United States, takes and carries away, with intent to steal or purloin, the personal goods of another, shall be punished by a fine of not more than one thousand dollars, or by imprisonment

not more than one year, or by both such fine and imprisonment." It will be seen that this statute does not purport to punish one for "stealing," but for "taking and carrying away with intent to steal or purloin." In the one case the stealing must be complete, while in the other, the "taking and carrying away" when accompanied only with an intent to steal, constitutes the crime.

But even if the territorial statutes could be considered, the offense would only be a misdemeanor. A felony is not determined from the acts by statute made a crime, but by the punishment which the law inflicts, and acts which were felonies at common law may be made misdemeanors under the statute; and the territorial legislature, recognizing this rule, has provided that a felony is a crime which is or may be punishable with death, or by imprisonment in the territorial prison, and that every other offense is a misdemeanor. Under no rule can it be said that the defendants were tried for a felony, and the trial court in its discretion had the authority to overrule the application for separate trials.

The contention that defendants were each entitled to five peremptory challenges is without merit. It is only in trials for felonies, not capital, that that number is allowed. The defendants were tried jointly for a misdemeanor, and under the law, they were entitled to three challenges, in which all of them should join. They were not entitled to separate challenges.

But it is said that the court, on its own motion, excused a juror after the defendant's challenges were all exhausted. It not only had a right to do so but, if the juror was not a proper person, it was its duty to excuse him, and it was un-

der no obligation to assign any reason therefor. The argument that such a rule affords courts an opportunity to "railroad" defendants to the penitentiary has no force, for the power could just as easily be used to acquit a criminal. That the inherent power exists, in the absence of statute, there can be no doubt; and if an unbiased, qualified juror is put in his place, a defendant cannot complain, as he has no legal right to be tried by any particular juror. It is only after the jury has been sworn that a defendant can insist that his cause be submitted to them. (*City of Guthrie v. Shaffer,* 7 Okla. 459, 49 Pac. 698.) As contended by the defendant, if the court can excuse one juror it may excuse more, but it is reasonable to assume that a trial court will exercise a wise discretion in the matter. If, however, the record shows that it has abused its discretion, the appellate court may review its action and grant a new trial. Experience has taught us that more errors are made by trial courts in favor of defendants than against them; and this is because of the fundamental principle which underlies our criminal jurisprudence: That the defendant is entitled to the benefit of every reasonable doubt. This doubt is extended to him, not only by the jury when weighing the evidence, but also by the courts in construing the law; and that courts hesitate to exercise the power complained of here is evidenced by the fact that this is the first time since the organization of the territory that this court's attention has been directed to a question of this kind in a criminal case. A trial court might, in a thousand ways exercise its power to the detriment of a defendant, yet this same power is absolutely essential to his protection, and courts could not exist without it. It is

not claimed that the juror selected in the place of the one excused was not qualified, was not selected as provided by law, or was biased or prejudiced. This being true the defendants cannot complain.

Nor was it reversible error for the trial court to permit the prosecution to endorse additional names on the indictment after the trial was in progress. It is true, as contended by appellants, that they were entitled to know the names of the witnesses who were to be used against them. That is the reason why the names of the witnesses before the grand jury are required to be endorsed on an indictment; but when new witnesses are found, or for other good reasons appearing to the court (and it need not state them) it may, at any time, permit the names of such witnesses to be endorsed on the indictment by simply complying with the statute. The trial court, however, should see to it that the right of the prosecution to endorse the names of additional witnesses is not abused, and should grant or refuse leave to endorse, in furtherance of justice. But a part of the witnesses in this case testified in rebuttal, among other things, as to the reputation of the defendants for truth and veracity. It was not necessary to endorse these witnesses names on the indictment. Such witnesses are not contemplated by the statute. Their testimony refers to a matter entirely independent of the crime; it bears upon the standing of a defendant as a man, and where a defendant testifies in his own behalf he may be impeached the same as any other witness. The prosecution are required only to endorse the name of witnesses who testify in chief to some fact tending to establish the defendant's guilt, or necessary to make out a case against him,

and are not under any obligation to endorse the names of witnesses whose testimony is made permissible or necessary in rebuttal by reason of the evidence of a defendant. But even if part of the testimony relates to matters in chief, the court, in its discretion, had a right to permit the government to introduce it after the defendants had rested. This point was expressly decided in the case of *Harvey v. The Territory,* 11 Okla. 156. In that case, during the argument by counsel for the defendant, the trial court stopped the attorney and the prosecution introduced additional evidence. and this court held that it was not error.

As to the evidence which counsel insists does not support the verdict, we must admit that it is somewhat conflicting. It generally is in a criminal case; but we cannot set aside a judgment of guilty just because a defendant may be able to find more witnesses who will swear for him as to a material matter in issue than the prosecution is able to produce. One man's testimony may outweigh that of a dozen others, and it is the province of the jury to determine the credibility of the witnesses and the weight of the evidence. The trial court saw these witnesses, heard the evidence and approved the verdict, and we see no good reason why it should be disturbed. If the testimony given by the witnesses is true, it is ample to sustain a conviction.

The judgment of the trial court is hereby affirmed, at cost of appellants.

Hainer, J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.