COCHRAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 30, 1906.)

No. 2,082.

1. COURTS—TERRITORIAL COURTS—PRACTICE AND MODES OF PROCEEDING IN CRIMINAL PROSECUTIONS BY UNITED STATES.

In criminal prosecutions by the United States in the territorial district courts of Oklahoma those courts are required to conform to the practice and modes of proceeding prescribed by the territorial laws, and not those prescribed for the courts of the United States, unless it be otherwise specially provided by some law of Congress.

2. CRIMINAL LAW—SEPARATE TRIALS—PEREMPTORY CHALLENGES.

On the trial in a territorial district court of Oklahoma of an indictment charging an offense against the laws of the United States questions relating to the right of the defendants to be tried separately and to challenge jurors peremptorily are to be determined by the laws of the territory.

(Syllabus by the Court.)

In Error to the Supreme Court of the Territory of Oklahoma.

For opinion below, see 76 Pac. 672.

E. M. Clark, C. R. Buckner, and G. W. Buckner, for plaintiffs in error.

Horace Speed, U. S. Atty.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. H. D. Cochran and Emmett Blevins, who are not shown to be Indians, were convicted in a district court of the territory of Oklahoma, while it was exercising the jurisdiction of the circuit and district courts of the United States, of the larceny of personal goods within an Indian reservation in that territory, and the judgment has been affirmed by the territorial Supreme Court, 14 Okl. 108, 76 Pac. 672.

The case is now before us upon a writ of error to the latter court.

The first question presented, whether the offense was one against the United States, under Rev. St. § 2145; and section 5356 [U. S. Comp. St. 1901, p. 3638], and cognizable on the federal side of the district court, is ruled by our decision in Brown v. United States (announced concurrently herewith) 146 Fed. 975, in which the same question, upon full consideration, is answered in the affirmative.

The remaining questions relate to matters of procedure, rather than jurisdiction, and arise out of the denial of the request of the defendants for a severance and separate trials and the refusal to accord to them more than three peremptory challenges to be exercised jointly. In the Circuit and District Courts of the United States, whether defendants jointly indicted shall be tried together or separately rests in the sound discretion of the court (United States v. Marchant, 12 Wheat. 480, 6 L. Ed. 700; United States v. Ball, 163 U. S. 662, 16 Sup. Ct. 1192, 41 L. Ed. 300), while under the statutes of Oklahoma separate trials may be had as matter of right if the offense be a felony, and in other cases may be allowed in the discretion of the court. Rev. St. Okl. 1903, § 5491. And in the Circuit and District Courts of the United States a defendant, or the defendants jointly, if there be more than one, are entitled, on the trial of any felony, other than treason or a capital offense, to 10 peremptory challenges, and on the trial of lesser offenses to 3 such challenges (Rev. St. U. S. § 819 [U. S. Comp. St. 1901, p. 627]), while under the statutes of Oklahoma a defendant, or the defendants jointly, if there be more than one, are entitled on the trial of any offense not capital but punishable by imprisonment in the territorial prison to 5 peremptory challenges, and on the trial of other offenses to 3 such challenges. Rev. St. Okl. 1903, § 5468. It is important, therefore, to inquire whether the territorial district court, when exercising the jurisdiction of the Circuit and District Courts of the United States in the trial of an offense against the laws of the United States, should conform to the practice and modes of proceeding in the Circuit and District Courts of the United States or to those prescribed by the territorial statutes. The question is not new, and the answer to it is found in repeated decisions of the Supreme Court of the United States. Reynolds v. United States, 98 U. S. 145, 154, 25 L. Ed. 244; Miles v. United States, 103 U. S. 304, 310, 26 L. Ed. 481; Clinton v. Englebrecht, 13 Wall. 434, 447, 20 L. Ed. 659; Hornbuckle v. Toombs, 18 Wall. 648, 21 L. Ed. 966; Good v. Martin, 95 U. S. 90, 98, 24 L. Ed. 341. These decisions hold that the territorial courts, although expressly clothed with the same jurisdiction in all cases arising under the Constitution and laws of the United States as is vested in the Circuit and District Courts of the United States, are not courts of the United States, but legislative courts of the territories; that the practice and modes of proceeding, including that of impaneling juries, prescribed for the courts of the United States, have no application to them, and that they are bound to conform to the territorial laws upon these subjects where it is not otherwise specially provided by some law of the United States.

By the territorial statute, as has been stated, the defendants were entitled as of right to separate trials if the offense was a felony, otherwise action upon their request rested in the discretion of the court. Was the offense a felony within the meaning of the territorial statute? We say the territorial statute, because there was no right to separate trials unless given by that statute, and whether

or not it gave the right depends upon what it means by a felony. The word is variously used in the legislation of the country (Reagan v. United States, 157 U. S. 301, 15 Sup. Ct. 610, 39 L. Ed. 709), but in the statutes of Oklahoma it means "a crime which is, or may be, punishable with death, or by imprisonment in the territorial prison." Rev. St. Okl. 1903, § 1926. The situation therefore is as if the statute, instead of using the word "felony," read: "When two or more defendants are jointly indicted for an offense punishable with death, or by imprisonment in the territorial prison, any defendant requiring it must be tried separately." This offense is not one which may be so punished. It is defined by section 5356 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3638], which declares that it shall be punished by a fine of not more than $1,000, or by imprisonment for not more than one year, or by both such fine and imprisonment, but does not designate the place of imprisonment or direct that it be at hard labor. By sections 5541 and and 5542 [U. S. Comp. St. 1901, p. 3721], imprisonment in a state jail or penitentiary, as punishment for an offense against the laws of the United States, is prohibited unless it be for a period longer than one year or at hard labor. In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149. The territorial prison of Oklahoma is a penitentiary as distinguished from a local or common jail (Rev. St. Okl. 1903, §§ 4007, 4008, 5713, 5740; Sess. Laws 1903, p. 218, c. 24), and is a state jail or penitentiary within the meaning of sections 5541 and 5542, supra. See Rev. St. U. S. §§ 5539, 5546 [U. S. Comp. St. 1901, pp. 3720, 3723]; Act March 3, 1875, c. 145, 18 Stat. 479 [U. S. Comp. St. 1901, p. 3722]. As the offense is not punishable with death or by imprisonment in the territorial prison, it follows that it is not a felony within the meaning of the territorial statute, and therefore that there was no error in denying the defendants' request for a severance and separate trials.

Nor was there error in the ruling in respect of the peremptory challenges. The offense not being capital or punishable by imprisonment in the territorial prison, the defendants were entitled under the territorial statue to but three such challenges, to be exercised jointly. These were accorded to them.

The judgment is affirmed.