THE STATE OF KANSAS V. O. C. LUND.

No. 16,277.

SYLLABUS BY THE COURT.

1. CRIMINAL LIBEL — *Information — Publication.* An information for criminal libel which alleges that the defendant wrote a letter defaming a woman and gave it to her son to give to her husband sufficiently charges a publication to the husband without the additional averment that the letter actually reached him or was seen by him.

2. ———— *Information—Surplusage.* The addition to such allegation of the words "thereby procuring said letter to be delivered to the said [wife] and read by her" does not require the state to prove a publication to the wife. The additional words may be rejected as surplusage.

3. ———— *Allegations and Proof—Variance.* In a prosecution for criminal libel proof of more words than are set out in the information will not constitute a fatal variance where they do not alter the sense of those pleaded.

4. ———— *Same.* Under an allegation that the defendant published a charge that a woman was unchaste, proof that the charge was of unchastity during a certain period does not constitute a fatal variance.

Appeal from Clay district court; SAM KIMBLE, judge. Opinion filed May 8, 1909. Affirmed.

*Fred S. Jackson,* attorney-general, and *W. P. Anthony,* county attorney, for The State.

*C. Vincent Jones,* and *William B. Leslie,* for the appellant.

The State v. Lund.

The opinion of the court was delivered by

MASON, J.: O. C. Lund was convicted of criminal libel, and appeals. The information alleged that he had written a letter imputing unchastity to a wife and given it to her son to give to her husband, adding "thereby procuring said letter and communication to be delivered to the said [wife] and read by her." He contends that the only publication of the libel charged was one made to the wife, and that the state failed to prove the offense as charged because, although there was evidence that she in fact saw the defamatory communication, which was shown to her by her husband, there was nothing to indicate that the defendant intended or expected her to see it. The general rule, at least in civil cases, is that the originator of a defamation is responsible only for such publication as is the natural and probable consequence of his own act (25 Cyc. 430; 18 A. & E. Encycl. of L. 1018; *Lyon v. Lash*, 74 Kan. 745), and it may be conceded that the defendant was not bound to anticipate that a husband would exhibit such a letter to his wife. But granting that the state failed to prove that the defendant procured the letter to be delivered to the wife, the concession avails him nothing, for the allegation in that regard may be rejected as surplusage, leaving a good pleading supported by abundant evidence. Although the information fails to allege that the husband read the letter, it does say that the defendant gave it to his son to give to him, and that is all that is necessary either in pleading or proof.

"An averment that defendant published a certain libel, or an allegation of facts showing that he parted with it under circumstances which exposed it to be seen and read by others without averring that it was so seen or read, is sufficient." (25 Cyc. 577.)

(See, also, *The State v. Dowd*, 39 Kan. 412; 13 Encyc. Pl. & Pr. 100.)

16—80 KAN.

"If the accused, with intent to scandalize, affords, or causes to be afforded, to another an opportunity of learning the contents of the libelous instrument, he is guilty of a publication, although in fact the contents do not thereby become known." (25 Cyc. 570.)

The state pleaded more than it proved regarding a publication to the wife, and proved more than it pleaded regarding a publication to the husband, but since it pleaded and proved all that was necessary to a conviction the excess in neither instance is ground for reversal.

Complaint is also made of a variance between the pleading and evidence as to the defamatory language. The information quoted only so much of the libelous communication as charged the wife with having been unchaste. The letter in fact contained the additional words "when you lived in Clifton." The defendant argues that this limitation as to time was a material qualification, as it showed that the wife was charged with past and not present misconduct, and that its omission deprived him of an opportunity to justify by proof of unchastity during the period referred to. There is nothing substantial in the contention. No actual prejudice could have resulted from the failure to set out the entire letter. The requirement that the words proved shall correspond with those pleaded has indeed in some cases been pressed beyond reasonable limits—as where a variation in the tense has been held fatal. (See 13 Encyc. Pl. & Pr. 67.) But the usual or at all events the better rule is that the defamatory language need only be proved substantially as laid, and proof of additional words, not altering the sense of those set out, does not constitute a fatal variance. (25 Cyc. 579; 13 Encyc. Pl. & Pr. 65.)

The judgment is affirmed.