## WILL CLARK v. STATE.

No. A-417.  Opinion Filed March 7, 1911.

(113 Pac. 992.)

WITNESSES—Indorsement of Names on Information. Under section 6644, Snyder's Comp. Laws 1909, it is error for the court in a misdemeanor prosecution to permit a witness to give testimony in chief in behalf of the state, over the defendant's objection, if the witness' name has not been indorsed on the information.

(Syllabus by the Court.)

*Appeal from McIntosh County Court; Frank W. Rushing, Judge.*

Will Clark was convicted of violating the prohibition law, and brings error. Reversed and remanded.

*De Roos Bailey, J. E. Wyand, J. B. Lucas,* and *Chas. A. Moon,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. Will Clark, plaintiff in error, was tried and convicted upon an information charging a violation of the prohibition law, and sentenced to pay a fine of $50 and be confined in the county jail for a period of 30 days. The judgment and sentence was entered on August 11, 1909. An appeal was taken by filing in this court on November 8, 1909, a petition in error with case-made attached.

Numerous errors are assigned, but it is only necessary to notice one. The state introduced but two witnesses. One, W. A. Chelton, was called by the state as a witness in chief. The defendant interposed an objection to his testifying, for the reason that his name had not been indorsed upon the information as a witness. The court overruled the objection, and an exception was taken. The testimony of the witness was very damaging to the defendant. The statute (section 6644, Snyder's Comp. Laws 1909) requires the county attorney to in-

dorse the names of witnesses known to him upon the information before the trial.

This statute was construed in the case of *Steen et al. v. State,* 4 Okla. Cr. 309, 111 Pac. 1097, where it was held by this court, speaking through Judge Richardson, that:

"Under this statute it is the duty of the county attorney, before he files the information, to indorse thereon the names of all persons whom he knows or has reason to believe will be called by the state as witnesses to testify in the case in chief; and if subsequently the names of other witnesses to be used to prove the case in chief become known to him, leave of court should be obtained to place their names on the information, and this should be done and the indorsement made as early as possible before the trial begins. Where, however, after the trial is begun, the county attorney learns of other witnesses in chief whom he did not known of before, upon a proper showing of that fact made to the court, leave to indorse their names even while the trial is in progress, and to permit them to testify, may be granted by the court in the exercise of its discretion. This is held by the courts in a majority of the states having a similar statute, and is conceded to be correct by plaintiffs in error in this case. *State v. Cook,* 30 Kan. 82, 1 Pac. 32; *State v. Berkley,* 109 Mo. 665, 19 S. W. 192; *State v. Doyle,* 107 Mo. 36, 17 S. W. 751; *State v. Schnepel,* 23 Mont. 523, 59 Pac. 927; *Rauschkolb v. State,* 46 Neb. 658, 65 N. W. 776; *State v. Reed,* 53 Kan. 767, 37 Pac. 174, 42 Am. St. Rep. 322; *State v. Price,* 55 Kan. 606, 40 Pac. 1000; *State v. Reno,* 41 Kan. 674, 21 Pac. 803; *State v. Dowd,* 39 Kan. 412, 18 Pac. 483; *State v. Taylor,* 36 Kan. 329, 13 Pac. 550; *Hyde v. Territory,* 8 Okla. 69, 56 Pac. 851; *Cochran et al. v. United States,* 14 Okla. 108, 76 Pac. 672."

An examination of the information as shown in the record discloses that the name of the witness W. A. Chelton was never indorsed thereon. The court, therefore, erred in overruling the objection.

For the error indicated, the judgment is reversed, and the cause remanded, with direction to grant a new trial.