RALPH HAWKINS v. STATE.

No. A-739.   Opinion Filed November 4, 1911.

(116 Pac. 607.)

1.  **TRIAL** — Indorsement of Names of Witnesses on Information. Under section 6644 of Snyder's Comp. Laws 1909, it is error for the court to permit a witness to give testimony in chief in behalf of the state, over the defendant's objection, if the witness' name has not been indorsed on the information.

2.  **SAME.** Before the county attorney files an information, he should indorse thereon the names of all state's witnesses then known to him; if thereafter he learns of other witnesses, he should obtain leave of court and indorse their names on the information as early as possible. If, after the trial has begun, the county attorney learns of other witnesses whom he did not know of before, upon a proper showing of that fact made to

the court, leave to indorse the names, even while the trial is in progress, and to permit the witnesses to testify, may be granted by the court in the exercise of its discretion.

(Syllabus by the Court.)

*Appeal from Blaine County Court; George W. Ferguson, Judge.*

Ralph Hawkins was convicted of violation of the prohibitory liquor law, and appeals. Reversed and remanded.

*I. H. Lookabaugh,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. Upon the trial of this cause, the state placed Tom Dickerson on the witness stand. Counsel for appellant objected to allowing said witness to testify, because his name had not been indorsed on the information, and appellant had no notice that said witness would be used against him. Thereupon the county attorney requested the court to be permitted to indorse the name of said witness on the information, but no showing whatever was made that the county attorney did not know before the trial began that said party would be a material witness for the prosecution. The court permitted the name of the witness to be indorsed on the information, and the witness testified to material facts tending to prove the defendant's guilt, to all of which defendant reserved proper exceptions. This is not an open question in Oklahoma, and it has been passed upon, not only by this court, but also by the Supreme Court of Oklahoma Territory. In the case of *Steen v. State,* 4 Okla. Cr. 314, 111 Pac. 1099, Judge Richardson, speaking for the court, said:

"The state introduced one Dan Ezell as a witness in chief against plaintiffs in error, and the latter objected to his testifying on the ground that his name had not been indorsed on the information as a witness. The court overruled the objection and the witness gave damaging testimony against plaintiffs in error. The indorsement of the witness' name does not appear on the information. Section 6644 of Snyder's Comp. Laws, relating to the indorsement of the names of the state's witnesses on the information, is as follows: 'The county attorney shall subscribe

his name to informations filed in the county or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses' as may afterwards become known to him, at such time before the trial as the court may by rule prescribe.'

"Under this statute, it is the duty of the county attorney, before he files the information, to indorse thereon the names of all persons whom he knows or has reason to believe will be called by the state as witnesses to testify in the case in chief; and, if subsequently the names of other witnesses to be used to prove the case in chief become known to him, leave of court should be obtained to place their names on the information, and this should be done and the indorsement made as early as possible before the trial begins. Where, however, after the trial is begun, the county attorney learns of other witnesses in chief, whom he did not know of before, upon a proper showing of that fact made to the court, leave to indorse their names, even while the trial is in progress, and to permit them to testify, may be granted by the court in the exercise of its discretion. This is held by the courts in a majority of the states having a similar statute, and is conceded to be correct by plaintiffs in error in this case. *State v. Cook,* 30 Kan. 82, 1 Pac. 32; *State v. Berkley,* 109 Mo. 665, 19 S. W. 192; *State. v. Doyle,* 107 Mo. 36, 17 S. W. 751; *State v. Schnepel,* 23 Mont. 523, 59 Pac. 927; *Rausehkolb v. State,* 46 Neb. 658, 65 N. W. 776; *State v. Reed,* 53 Kan. 767, 37 Pac. 174, 42 Am. St. Rep. 322; *State v. Price,* 55 Kan. 606, 40 Pac. 1000; *State v. Reno,* 41 Kan. 674, 21 Pac. 803; *State v. Dowd,* 39 Kan. 412, 18 Pac. 483; *State v. Taylor,* 36 Kan. 329, 13 Kan. 550; *Hyde v. Territory,* 8 Okla. 69, 56 Pac. 851; *Cochran et al. v. United States,* 14 Okla. 108, 76 Pac. 672.

"But in the present case the name of the witness Ezell was never indorsed on the information, and the case-made does not disclose when the witness was discovered, or that any showing was made by the county attorney to the court that he had just learned of the witness. On the contrary, the circumstances indicate that the prosecution had the evidence of this witness in mind all along in the preparation of its case. The court therefore erred in overruling the objection."

But the rule is different in felony cases. These cases come under a different statute. See *Vance v. Territory,* 3 Okla. Cr. 208, 105 Pac. 307; *Stockton v. State,* 5 Okla. Cr. 510, 114 Pac. 626.

Upon the authority of Steen's case, which is based on an arbitrary statute, the court erred in permitting the witness Tom Dickerson to testify against appellant under the circumstances presented in the record.

The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.