### HUNTER et al. v. UNITED STATES.†

#### (Circuit Court of Appeals, Eighth Circuit.   March 18, 1912.)

#### No. 3,602.

BAIL (§ 79*)—CRIMINAL PROSECUTIONS—RELIEF FROM FORFEITURE—FEDERAL STATUTE.

Rev. St. § 1020 (U. S. Comp. St. 1901, p. 719), which authorizes the court in a criminal case to remit the whole or any part of the penalty of a forfeited recognizance "whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause," governs in a prosecution for an offense against the United States in a territorial court, to the exclusion of a statute of the territory, and under it the court may make such remission at a term subsequent to the term when the forfeiture was entered. Such remission, however, is not a matter of right, but is discretionary with the court.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–369; Dec. Dig. § 79.*]

In Error to the Circuit Court of the United States for the Western District of Oklahoma.

Action at law by the United States against Bev Hunter, C. D. Jensen, and J. C. Miller to recover on a forfeited recognizance. Judgment for plaintiff, and defendants bring error. Affirmed.

William H. England, Dwight M. Smith, and Parker W. Cress, for plaintiffs in error.

John Embry, U. S. Atty., and Isaac D. Taylor, Asst. U. S. Atty.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge.   In October, 1902, Bev Hunter was indicted in the district court of Noble county, in the territory of

Oklahoma, for the violation of a law of the United States, and in November, 1902, he, with C. D. Jensen and Joseph C. Miller, as sureties, entered into an undertaking to the United States, in the sum of $800, for his appearance before the district court of Noble county, Oklahoma, on the first day of the next term thereof, and from day to day during the term, to answer to the charge preferred against him, and to make like appearance each successive term of the said court until the charge should have been disposed of according to law. On the 21st day of March, 1904, the defendant failing to appear, the court adjudged him in default, and his said bond forfeited. At the November term, 1905, defendant Hunter was permitted to withdraw his plea of not guilty theretofore entered, and file a motion to set aside the indictment. Upon hearing by the court, said motion was sustained, and the indictment set aside, the defendant discharged, and an order entered releasing and exonerating his bond. Afterwards, and on the 28th day of November, a hearing was had on motion of the United States to set aside the order exonerating defendant's bond, which motion was sustained, and it was ordered and adjudged by the court that the order heretofore entered, releasing and exonerating defendant's bond, be vacated, set aside, and held for naught. Thereafter the United States brought an action against Bev Hunter, C. D. Jensen, and Joseph C. Miller, to recover upon said appearance bond, which action resulted in a judgment in favor of plaintiff, for the penal sum mentioned in the bond, $800, with interest thereon, to reverse which action defendants have brought the case here.

On the part of plaintiffs in error it is contended that the trial court had authority, under the provisions of section 1020 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 719), to exonerate and discharge the bond, even after the term at which the forfeiture was entered. The section reads as follows:

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

The United States contends that, as the indictment and prosecution was in the court of the territory of Oklahoma, section 1020 of the Revised Statutes was not applicable, but that section 5776, of Wilson's Revised Statutes of Oklahoma, 1903, governs. That section says:

"But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. After the forfeiture, the district attorney must proceed with all due diligence, by action against the bail upon the instrument so forfeited. If money deposited instead of bail be so forfeited, the clerk of the court or other officer with whom it is deposited, must, immediately after the final adjournment of the court, pay over the money to the county treasurer."

It authorizes the court, at any time before the final adjournment of the term at which the forfeiture is entered, upon proper showing, to

vacate and set aside such forfeiture, and it is claimed that, as the term at which the forfeiture in this case was entered had passed, the court had no power or authority thereafter to vacate and set aside the forfeiture.

The prosecution was conducted while Oklahoma was a territory, and hence in the territorial courts. The offense, however, was not one against the laws of the territory, but against the United States, was prosecuted in the name of the United States, and hence the territorial court was exercising the jurisdiction of a District Court of the United States. The bond was given to the United States, and the money, if collected, belonged to the United States, and not to the territory. While in the trial of cases territorial courts are required to conform to the statutes and practice of the territory (Cochran v. United States, 147 Fed. 206, 77 C. C. A. 432), the acts of Congress govern the disposition of moneys and obligations of the United States, and we are clearly of the opinion that the territorial statute was not applicable to the discharge of this forfeiture, that section 1020 of the Revised Statutes of the United States governs, and that under it the court had full power and authority to set aside the forfeiture and exonerate the bond, even after the term at which the forfeiture was entered.

Even though section 1020 of the Revised Statutes governed, that section did not give the parties an absolute right to have the forfeiture vacated. That was a matter left to the discretion of the court upon a proper showing, and it is elementary that a court may vacate, modify, or set aside any order or judgment during the term that such order or judgment is entered, and in this case it appears that the order releasing the defendant and his bondsmen was set aside and vacated by the court during the term. The judgment of the court forfeiting the bond remains, and was the foundation for the present action. So long as the judgment of forfeiture stood, an action upon the bond could be maintained, and the judgment in this case was properly rendered, and is therefore affirmed. Whether or not the court still possesses the power, under section 1020, to remit the penalty because of the forfeiture, is not before the court, and we do not decide. Upon this point, see United States v. Jenkins, 176 Fed. 672, 100 C. C. A. 224, 20 Ann. Cas. 1255; United States v. Traynor (D. C.) 173 Fed. 114.

The judgment is affirmed.