## J. L. WHITWORTH v. STATE.

No. A-4817. Opinion Filed June 13, 1925.
Rehearing Denied Oct. 30, 1925.
(239 Pac. 930.)

W. L. Boner and J. A. Shirley, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Ass't Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below. He was convicted upon an information charging him with statutory rape upon the person of one Oletha Jackson, a female under the age of 16 years, and his punishment fixed at confinement in the state penitentiary for a term of one year.

Two assignments of error are argued in the brief. First, that the court permitted the testimony of the witness Mrs. Birdie Jackson, without her name having been indorsed on the information; second, error in the instructions.

Upon the first assignment the contention made is not suggested in the motion for a new trial, nor in the petition in error. In the brief for the state it is called to the attention of the court that the error relied on is interlined in longhand. We do not assume that there has been any change in the record, but suggest as a matter of good practice that, where interlineations are made, they should be shown by some stipulation between counsel for the state and the defendant, or mentioned in the certificate of the trial judge.

An examination of the record discloses that two witnesses were called whose names do not appear on the information appearing in the record; one of these witnesses being a physician who testified first. No objection was made to his testimony. Objection was made, as stated, to the evidence of Mrs. Birdie Jackson, which was overruled.

The prosecutrix had testified as to her age, giving the day and year of her birth, which was sufficient proof on

that point. This testimony was corroborated by the witness last named, and her testimony is merely cumulative. The use of witnesses in misdemeanor cases whose names have not been indorsed on the information has been held reversible error, though in felony cases the rule is different. Hawkins v. State, 6 Okla. Cr. 308, 116 P. 607; Steen v. State, 4 Okla. Cr. 309, 111 P. 1097; Clark v. State, 5 Okla. Cr. 189, 113 P. 992.

The indorsement of the names of additional witnesses where they have been omitted by oversight may be indorsed at any time in the discretion of the court, where no substantial prejudice to the defendant results.

In the instant case it was not suggested to the court that the defendant was not prepared to meet the testimony of the witness Birdie Jackson, and no request for any delay or continuance was made. It is, of course, self-evident that the defendant expected to meet the question of the age of the prosecutrix, since that was a material allegation in the information, a matter necessary to be proven by the state in order to fix the grade of the offense charged. The evidence of the witness being merely cumulative on the matter of the age, the error in permitting the testimony without her name being indorsed is harmless. Hawkins v. State, supra; Havill v. U. S., 5 Okla. Cr. 334, 115 P. 119; Vance v. Ter., 3 Okla. Cr. 208, 105 P. 307; Stockton v. State, 5 Okla. Cr. 310, 114 P. 626; Ghormley v. State, 11 Okla. Cr. 532, 148 P. 1057; Bradshaw v. State, 16 Okla. Cr. 624, 185 P. 1102; Grayson v. State, 12 Okla. Cr. 226, 154 P. 334.

The other error argued in the brief is predicated upon the charge of the court upon good character in which the jury are informed what weight and consideration should be given to evidence of good character, and, if after such consideration the evidence "shows the defendant to be guilty," then his previous good character would not justify,

excuse, alleviate, or mitigate the offense. Complaint is made to the concluding part of this charge as an instruction that it does not require that his guilt be proven beyond a reasonable doubt. The instruction is badly drawn, and, standing alone, would be highly erroneous, but since in several parts of the court's charge the jury are told that the guilt of the defendant must be proven beyond a reasonable doubt, and are told what facts they must find beyond a reasonable doubt before they can return a verdict against the defendant, the instructions as a whole clearly inform the jury that every fact necessary to convict must be proven beyond a reasonable doubt. In the particular charge, complained of, the purpose of the instruction was to inform the jury the purpose and materiality of evidence of good character. Considering the instructions as a whole, there is no such error shown as requires a reversal. Killough v. State, 6 Okla. Cr. 312, 118 P. 620; Cannon v. Ter., 1 Okla. Cr. 600, 99 P. 622.

The evidence conclusively proves the defendant guilty. His explanation was unbelievable; the punishment imposed the minimum; the errors complained of not so fundamental to be substantially prejudicial.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.