## CHARLES COLDIRON v. STATE.

No. A-7541. Opinion Filed Oct. 25, 1930.
Withdrawn and Opinion Refiled Dec. 13, 1930.

L. T. Cook, Ben F. Williams, and Homer Cowan, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of McClain county of the crime of assault with a deadly weapon, and his punishment fixed by the jury at imprisonment in the state penitentiary for three years.

The evidence of the state was that the defendant shot one O. M. Brooks, in the breast, near the heart, with a .32 caliber revolver, and that the shot was without provocation.   The evidence of the defendant and his witnesses was that Brooks was attempting to cut defendant with a knife at the time the shot was fired, and the sons of Brooks were advancing on defendant with drawn knives threatening to kill him.   The state used a large number of witnesses who were present and testified positively that Brooks had no knife and was making no attempt to assault defendant; while defendant with a large number of witnesses testified that Brooks was assaulting defendant with a knife, and that defendant fired the shot in his own self-defense.   Defendant urges that this evidence is insufficient to support the verdict of the jury.

It is evident from an examination of the record that a large number of witnesses committed perjury.   If the evidence of the state is true, then that of defendant's witnesses was a lie; and, on the other hand, if the evidence of the defendant is true, then that of the state's witnesses was a lie.   The credibility of the witnesses and the weight to be given their testimony is for the jury, and they evidently believed the witnesses for the state were telling the truth, and returned a verdict accordingly.

The decisions of this court upon the credibility of witnesses and the weight to be given their evidence and upon the sufficiency of the evidence are too numerous to be cited. This court never reverses a case for insufficiency of the evidence where there is a conflict in the evidence and where there is any competent evidence in the record to support the verdict.

The defendant next contends that the court erred in permitting the state to indorse the names of G. E. Hunt, O. B. Hunt, J. B. Morris, and Tom Odell on the information in the midst of the trial, over the objection and exception of the defendant.

In the case of Grayson v. State, 12 Okla. Cr. 226, 154 Pac. 334, this court said:

"Under the statute, permission to indorse the names of additional witnesses on an information during the trial is a matter within the judicial discretion of the trial court, and unless an abuse of this discretion appears prejudicial to the substantial rights of the defendant, its ruling will not be reviewed." Davenport v. State, 20 Okla. Cr. 253, 202 Pac. 18.

In Star v. State, 9 Okla. Cr. 210, 131 Pac. 542, this court said:

If, after announcing ready for trial, the court permits the names of additional witnesses to be indorsed upon an indictment or information, and if the defendant is surprised thereat, and if the indorsement of the names of the additional witnesses requires the production of further testimony upon the part of the defendant, the defendant should withdraw his announcement of ready for trial and file a motion for a continuance, in which he should set up the facts constituting such surprise and what evidence, if any, he could produce if the case were continued to rebut the testimony of such additional witnesses for the state."

To the same effect are Colbert v. State, 4 Okla. Cr. 500, 113 Pac. 558; Clark v. State, 5 Okla. Cr. 189, 113 Pac. 992.

It appears from the record that defendant objected and excepted to the action of the court in allowing the county attorney to indorse on the information, in the midst of the trial, the names of the witnesses, but filed no motion for a continuance, contenting himself with objecting to the indorsement of the names of the witnesses at the time, for the reason that the jury had been impaneled and the state had introduced part of its evidence, and the defendant was in no position to ascertain what the evidence of the witnesses would be or prepare to answer the same.

This objection being insufficient, and it being within the discretion of the court to permit the indorsement of the names of such witnesses, and no abuse of discretion appearing upon the record, the defendant was not prejudiced thereby.

The defendant next contends that the court erred in giving instructions Nos. 2, 3, 4, 5, and 6 to the jury. These instructions cover the law of self-defense. It would serve no good purpose to set them out in this opinion, but it is sufficient to say that they are in substance the usual instructions given in cases like the one at bar, and, when considered together, fairly state the law of the case.

Defendant next contends that the court erred in refusing to give certain instructions requested by the defendant.

It is not error for the trial court to refuse to give a requested instruction, although it may be a correct statement of the law, if the principles therein contained have already been given in the general instructions. Colglazier

v. State, 23 Okla. Cr. 23, 212 Pac. 332; Hawkins v. State, 24 Okla. Cr. 82, 216 Pac. 166.

Defendant next contends that the court erred in overruling his motion for a new trial on the ground of newly discovered evidence.

Attached to this motion is the affidavit of Ray Husband and Cecil Gibson. After the filing of this motion and these affidavits, the state procured an affidavit from Husband and Gibson, in which each of them swore that he did not intend to retract or contradict the evidence given by him upon the trial of the case. These two witnesses were upon the witness stand during the trial, and the defendant had the full right and opportunity to cross-examine each of them in regard to the matters and things brought out by the affidavits which the defendant afterwards procured from them.

The other supporting affidavit concerning newly discovered evidence was made by J. W. Chapman. If Chapman had testified as set out in his affidavit, his evidence would only have been cumulative, and could not have in any way affected the verdict of the jury.

This court has many times held that the granting or denying of a motion for a new trial was largely in the discretion of the trial court, and that his ruling thereon would not be reversed, unless it affirmatively appears from the record that such discretion had been abused.

This case presented but one serious question, and that was whether the defendant was justified in shooting Brooks in his own self-defense. The jury, after seeing the witnesses and hearing the evidence, found that he was the aggressor, and that he shot Brooks without provocation or justification.

It appears that the defendant had a fair trial, and that the errors of law complained of are without any substantial merit.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.